■ LaSalle Bank National Association, Appellant-Respondent, v Christopher Ally, Defendant, Nationscredit Financial Services Corporation, Respondent-Appellant, et al., Defendants. [835 NYS2d 264]—

In an action, inter alia, to foreclose a mortgage and to quiet title to real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated August 30, 2005, as denied that branch of its motion which was for summary judgment declaring that the portion of its mortgage lien on the subject real property representing security for loan proceeds up to the amount of $108,046.20, plus interest, is superior to the mortgage lien held by the defendant Nationscredit Financial Services Corporation on the subject property, and the defendant Nationscredit Financial Services Corporation cross-appeals, as limited by its brief, from so much of the same order as granted that branch of the plaintiff's motion which was for summary judgment declaring that the portion of the plaintiff's mortgage lien on the subject real property which represents security for loan proceeds in excess of the amount of $108,046.20, plus interest, is superior to the mortgage lien held by the defendant Nationscredit Financial Services Corporation on the subject property, and denied those branches of its cross motion which were for summary judgment declaring that its mortgage lien on the subject real property is superior to the plaintiff's mortgage lien on the subject real property or, alternatively, in its favor on its equitable subrogation cause of action in the sum of $108,046.20, representing the portion of the proceeds of its mortgage loan which was allocated to satisfy a preexisting superior mortgage lien on the subject real property held by Countrywide Home Loans, Inc.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the defendant Nationscredit Financial Services Corporation which was for summary judgment in its favor on its equitable subrogation cause of action in the sum of $108,046.20, representing the portion of the proceeds of its mortgage loan which was allocated to satisfy a preexisting superior mortgage lien on the subject real property held by Countrywide Home Loans, Inc., and

substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the defendant Nationscredit Financial Services Corporation by the plaintiff.

On January 28, 2000 the defendant Darren Johnson conveyed the subject real property to the defendant New Era Housing, Inc. (hereinafter New Era). By deed dated January 27, 2000, and thus prior to its acquisition of the subject real property, New Era purported to convey the subject real property to Karen Williams. The deed from New Era to Williams (hereinafter the Williams deed), was executed by one Leonard Goggins, who attended the Williams closing and purportedly signed and acknowledged the Williams deed on behalf of New Era as its "president." The Williams deed was duly recorded on February 24, 2000. Williams financed her purchase with a $136,000 mortgage loan (hereinafter the Nationscredit Mortgage) from EquiCredit Corp., which later was merged into the defendant Nationscredit Financial Services Corporation (hereinafter Nationscredit). The Nationscredit Mortgage was also recorded on February 24, 2000. At closing, the sum of $108,046.20 was paid with the Nationscredit Mortgage loan proceeds to satisfy the outstanding mortgage lien (hereinafter the Countrywide Mortgage) held by the first mortgagee, Countrywide Home Loans, Inc. (hereinafter Countrywide).

On February 10, 2000 the defendant Peter Zirbes who was then New Era's sole shareholder, director, and officer, purported to convey the same subject real property to the defendant Christopher Ally. The deed tendered to Ally (hereinafter the Ally deed), which was executed by Zirbes, was recorded on Februrary 29, 2000. Ally financed his purchase with a $124,555 mortgage loan (hereinafter the LaSalle mortgage) from the plaintiff LaSalle Bank National Association, as indenture trustee under the indenture dated as of March 1, 2000, series 2000-1 (hereinafter LaSalle). The LaSalle mortgage was recorded on February 29, 2000.

In the context of the instant foreclosure action, LaSalle and Nationscredit each claim that their respective mortgage liens are superior in priority to each other's.

Contrary to LaSalle's contention, the Supreme Court properly denied those branches of its motion which were for summary judgment declaring that the LaSalle mortgage lien was superior to the Nationscredit mortgage lien on the ground that the Nationscredit mortgage was based on a forged deed signed by Goggins, who had no authority to execute it on New Era's behalf. Pursuant to Real Property Law § 266, a bona fide

purchaser or encumbrancer for value is protected in his or her title unless he or she had previous notice of the alleged prior fraud by the immediate seller (*see Karan v Hoskins,* 22 AD3d 638 [2005]). One cannot be a bona fide encumbrancer for value through a forged deed, as it is void and conveys no title (*see Karan v Hoskins, supra* at 639). Here, however, LaSalle failed to make out a prima facie case of forgery, because one who signs his own name to a document, and holds himself out as that person, as Goggins did according to the record, does not commit forgery (*see People v Cunningham,* 2 NY3d 593, 598-599 [2004]).

LaSalle nonetheless established, prima facie, that Goggins lacked actual authority to sign a deed on New Era's behalf, and Nationscredit failed to offer any evidence to rebut LaSalle's prima facie showing (*see 56 E. 87th Units Corp. v Kingsland Group, Inc.,* 30 AD3d 1134 [2006]). Additionally, Nationscredit failed to offer evidence demonstrating that Goggins was cloaked with apparent authority to sign the Williams deed on New Era's behalf (*see Hallock v State of New York,* 64 NY2d 224, 231 [1984]). Nationscredit also failed to offer evidence that it lacked knowledge of facts that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue (*see generally Anderson v Blood,* 152 NY 285 [1897]; *Royce v Rymkevitch,* 29 AD2d 1029, 1030 [1968]). Under the circumstances, Nationscredit possessed facts that would lead a prudent lender to investigate Goggins' purported corporate status and authority to act on New Era's behalf, and it is undisputed that Nationscredit did not do so. Accordingly, the Supreme Court properly granted that branch of LaSalle's motion which was for summary judgment declaring that the portion of the LaSalle mortgage lien on the subject real property which represents security for loan proceeds in excess of the sum of $108,046.20 is superior to the Nationscredit mortgage lien, and denied that branch of Nationscredit's cross motion which was for summary judgment declaring the contrary.

However, we agree with Nationscredit's contention that it established its entitlement to judgment as a matter of law on its equitable subrogation cause of action, based upon the satisfaction of the Countrywide mortgage with Nationscredit mortgage loan proceeds. The documentary evidence produced by Nationscredit established that, of the mortgage proceeds it loaned to Williams, the sum of $108,046.20 was allocated to satisfy an existing first mortgage upon the subject real property held by Countrywide, before the LaSalle mortgage was even executed, let alone recorded. LaSalle offered no evidence in opposition to this showing. Accordingly, the Supreme Court should have

granted that branch of Nationscredit's cross motion which was for summary judgment in its favor on its equitable subrogation cause of action in the sum of $108,046.20 (*see Federal Natl. Mtge. Assn. v Woodbury*, 254 AD2d 182 [1998]; *Zeidel v Dunne*, 215 AD2d 472, 473-474 [1995]; *see generally King v Pelkofski*, 20 NY2d 326, 333-334 [1967]; *cf. Roth v Porush*, 281 AD2d 612, 614 [2001]; *Pawling Sav. Bank v Hunt Props.*, 225 AD2d 678, 680 [1996]). Rivera, J.P., Skelos, Angiolillo and Balkin, JJ., concur.