■ PATRICIA L. FLEMING-JACKSON et al., Respondents, v HANSEL FLEMING et al., Defendants, and WASHINGTON MUTUAL BANK FA, Appellant. [838 NYS2d 506]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered September 5, 2006, which, in an action for specific performance of a contract to transfer real property, inter alia, denied defendant-appellant mortgagor's cross motion for summary judgment dismissing the complaint as against it and to cancel the notice of pendency as against it, unanimously reversed, on the law, without costs, and the cross motion granted. The Clerk is directed to enter judgment dismissing the complaint as against Washington Mutual Bank and to strike its name from the caption and body of the notice of pendency.

A bona fide purchaser or encumbrancer for value is protected in its title unless it had previous notice of the fraudulent intent of its immediate grantor (Real Property Law § 266). Appellant mortgagee made a prima facie showing that it was a bona fide encumbrancer by showing that a title search revealed that its mortgagors (and codefendants) were the record owners of the subject property and that there were no recorded contracts affecting their title. In response, plaintiffs, who seek enforcement of a contract they claim gives them title to the property superior to that of appellant's mortgagors, offered only the representation of their attorney that appellant knew that the property was occupied by persons other than the mortgagors. Even if we were to consider this hearsay, we would reject plaintiffs' argument that such knowledge required appellant to make further inquiry than it did concerning title before encumbering the property. Accordingly, appellant is entitled to summary judgment dismissing the complaint as against it. Since plaintiffs do not have a valid cause of action against appellant, the latter should not be named in the notice of pendency (*see* CPLR 6514 [b]). Concur—Sullivan, J.P., Nardelli, Buckley, Catterson and Kavanagh, JJ.