■ Lois Merritt, Appellant, v Travis Merritt et al., Defendants, and Berkshire Financial Group, Inc., et al., Respondents. [849 NYS2d 888]—

In an action, inter alia, to recover damages for unjust enrichment and for a judgment declaring that certain mortgages are null and void, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered October 5, 2006, which granted the separate motions of the defendants Berkshire Financial Group, Inc., and IndyMac Bank, F.S.B., pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against each of them.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court correctly granted the separate motions of Berkshire Financial Group, Inc. (hereinafter Berkshire), and IndyMac Bank, F.S.B. (hereinafter IndyMac), pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against each of them. The first cause of action for declaratory relief insofar as asserted against Berkshire and IndyMac failed to allege any facts that these defendants were on notice of the fraud allegedly committed by the plaintiff's son Travis Merritt so as to deprive Berkshire and IndyMac of the status of good faith encumbrancers for value (*see* Real Property Law § 266; *Simonds v Simonds*, 45 NY2d 233, 242 [1978]; *Istel v Istel*, 258 AD2d 506, 507 [1999]; *Emerson Hills Realty v Mirabella*, 220 AD2d 717 [1995]; Restatement of Restitution § 172, Comment *c*, Illustration 5; *cf. Diamond v Wasserman*, 8 AD2d 623, 624 [1959]). The amended complaint actually alleges that these defendants granted their mortgage loans based on their belief that Travis Merritt was the proper owner of the premises. In fact, Travis Merritt was the true owner at the times

Berkshire and IndyMac made their loans and took mortgages from Travis. Moreover, as acknowledged by the plaintiff, the IndyMac lien had already been discharged by the time the action was commenced.

The amended complaint failed to adequately plead a cause of action to recover damages for unjust enrichment insofar as asserted against Berkshire and IndyMac, as it did not allege that either of them was unjustly enriched. Prudenti, P.J., Crane, Fisher and McCarthy, JJ., concur.