OPINION OF THE COURT
Laura Lee Jacobson, J.
*757 Defendants Greenpoint Mortgage Funding, Inc. and Mortgage Electronic Registration Systems, Inc. (MERS) move for an order, pursuant to CPLR 3211 (a) (7), dismissing plaintiff’s complaint and for an award of attorneys fees, costs and sanctions.
Plaintiff commenced this action as the result of an alleged fraudulent “foreclosure rescue” scheme involving defendants Lost & Found Recovery, LLC (LFR), its principal, Maurice Mc-Dowall and Dumo Opuiyo. According to plaintiff, in or about October 2004, she was approached by McDowall who offered to provide refinancing of the mortgage on plaintiffs property, which was in default at the time. Plaintiff alleges that McDowall represented to her that LFR was a company which originated mortgage loans and would be able to offer plaintiff a mortgage with favorable terms, including a lower rate of interest, sufficient to satisfy the mortgage in default and also provide a “significant cash out.” Plaintiff claims that, based on McDowall’s representation, she attended a “closing” on October 29, 2004 where McDowall insisted that she be represented by counsel provided by LFR. At the closing, plaintiff was informed that her credit was not sufficient to obtain a mortgage in her own name, and that in order to retain financing she would have to transfer a deed to the property to a third party. Plaintiff further asserts that she was told LFR would make monthly mortgage payments for one year, whereafter the property would be deeded back to plaintiff. Plaintiff thereafter executed a bargain and sale deed to Opuiyo, who executed a mortgage in favor of Greenpoint in the amount of $562,500. This mortgage was recorded with MERS as nominee. Funds from the Green-point mortgage were used to satisfy the first mortgage on the property. However, Opuiyo made no payments under the Green-point mortgage, causing this mortgage to go into default and resulting in a foreclosure action to be commenced against the property. Plaintiff asserts that she was stripped of the equity in her property in that a substantial remainder of the funds of the Greenpoint loan, following the payment to satisfy the first mortgage, were disbursed to LFR for “services rendered” ($133,904.16) and further used to pay “bogus” closing costs and settlement expenses. The mortgage and note issued by Green-point have since been assigned to defendant Christiana Bank & Trust Co.
In her amended complaint, plaintiff alleges two causes of action with respect to Greenpoint/MERS. In her eighth cause of *758 action, plaintiff alleges that at the time of the mortgage transaction, as well as immediately prior thereto, Greenpoint/MERS failed to take measures to verify that Opuiyo would be able to remain current on the subject loan; failed to conduct a reasonable background investigation on Opuiyo, LFR and McDowall, and, as such, failed to discover multiple mortgage loans involving Opuiyo as a “straw buyer”; failed to take measures to verify that LFR and/or McDowall were licensed and/or empowered to conduct broker services and/or render services designed to facilitate mortgage financing; and took no measures to prevent the subject transaction, constituting “negligent underwriting,” and allowing Opuiyo, LFR and McDowall to perpetrate a fraud upon plaintiff. In her ninth cause of action, plaintiff alleges that the negligence of Greenpoint/MERS in processing the loan constitutes “gross negligence,” and as such are enjoined from enforcing the note, and which gross negligence and underlying fraud in the transfer of the deed renders the mortgage void.
In determining whether a complaint is sufficient to withstand a motion pursuant to CPLR 3211 (a) (7), “the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail” (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). The court must accept the facts alleged in the complaint to be true and determine only whether the facts alleged fit within any cognizable legal theory (see Dye v Catholic Med. Ctr. of Brooklyn & Queens, 273 AD2d 193 [2000]). Here, plaintiff has sufficiently pleaded a prima facie cause of action against Greenpoint/MERS sounding in negligence in underwriting the loan. Here, MERS identifies itself as a separate corporation that is acting solely as a nominee for the lender and the lender’s successors and assigns. However, MERS has a separate address and telephone number than the lender. Moreover, for purposes of recording the mortgage, MERS is the mortgagee of record. Prior to the initiation of foreclosure actions, MERS assigns the mortgage back to the initial lender to commence proceedings. Therefore, it is safe to assume that MERS, a separate entity, holds the right, title and interest to the mortgage and the lender is a separate entity that cannot proceed without resuming its right pursuant to an assignment. Considering the present difficulties faced in the subprime mortgage market, a lender underwriting a mortgage has a duty to investigate and ascertain the economic status of the purchaser/mortgagor and *759 whether the purchaser/mortgagor may be committing a fraud against the seller in the underlying transaction — especially in this instance, where it is alleged that LFR, McDowall and Opuiyo perpetrated other foreclosure rescue schemes involving mortgages which had been recorded with MERS as the nominee of record.
Accordingly, defendants Greenpoint/MERS’ motion to dismiss and seeking attorneys fees, costs and sanctions is denied.