■ PAULINA MATHURIN, Respondent, v LOST & FOUND RECOVERY, LLC, et al., Defendants, and GREENPOINT MORTGAGE FUNDING, INC., et al., Appellants. [884 NYS2d 462]—

In an action, inter alia, to rescind a mortgage note and to recover damages for negligence and gross negligence, the defendants Greenpoint Mortgage Funding, Inc., and Mortgage Electronic Registration Systems, Inc., appeal from an order of the Supreme Court, Kings County (Jacobson, J.), dated February 18, 2008, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the eighth cause of action and the fifth and ninth causes of action insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendants Greenpoint Mortgage Funding, Inc., and Mortgage Electronic Registration Systems, Inc., which were to dismiss the eighth cause of action and the ninth cause of action insofar as asserted against them, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the plaintiff's contentions, the defendants

Greenpoint Mortgage Funding, Inc., and Mortgage Electronic Registration Systems, Inc. (hereinafter the appellants), did not owe her a duty, in effect, to prevent the defendants Lost & Found Recovery, LLC (hereinafter Lost & Found), Maurice Mc-Dowall, and Dumo Opuiyo from inducing her into entering into a fraudulent mortgage transaction pursuant to which they allegedly effected the transfer of real property owned by the plaintiff to Opuiyo under the guise of helping the plaintiff to refinance her mortgage (*see Harris v Adejumo*, 36 AD3d 855, 856 [2007]; *Burger v Singh*, 28 AD3d 695, 697 [2006]; *Tenenbaum v Gibbs*, 27 AD3d 722, 723 [2006]; *Beckford v Northeastern Mtge. Inv. Corp.*, 262 AD2d 436, 437 [1999]; *Chemical Bank v Bowers*, 228 AD2d 407, 408 [1996]). Thus, the Supreme Court should have granted those branches of the appellants' motion which were to dismiss the eighth cause of action, sounding in negligence, and the ninth cause of action insofar as asserted against them, sounding in gross negligence.

However, the Supreme Court properly denied that branch of the appellants' motion which was to dismiss the fifth cause of action insofar as asserted against them. "On a CPLR 3211 motion to dismiss, the court will 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Nonnon v City of New York*, 9 NY3d 825, 827 [2007], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "While affidavits may be considered, if," as here, "the motion has not been converted to a CPLR 3212 motion for summary judgment, they are generally intended to remedy pleading defects and not to offer evidentiary support for properly pleaded claims" (*Nonnon v City of New York*, 9 NY3d at 827).

"A bona fide purchaser or encumbrancer for value is protected in its title unless it had previous notice of the fraudulent intent of its immediate grantor" (*Fleming-Jackson v Fleming*, 41 AD3d 175, 176 [2007]; *see* Real Property Law § 266; *Fischer v Sadov Realty Corp.*, 34 AD3d 630, 631 [2006]; *Karan v Hoskins*, 22 AD3d 638, 638 [2005]). While the allegations in the fifth cause of action of the plaintiff's amended complaint were not alone sufficient to state a cause of action against the appellants, in an affidavit in opposition to the motion to dismiss the plaintiff alleged, inter alia, that the appellants were on notice of facts "that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue" and that should have alerted them to the fraud allegedly being perpetrated by the defendants Lost & Found, McDowall, and Opuiyo (*LaSalle*

*Bank Natl. Assn. v Ally*, 39 AD3d 597, 600 [2007]; *see Fischer v Sadov Realty Corp.*, 34 AD3d at 631; *cf. Merritt v Merritt*, 47 AD3d 689, 689 [2008]; *Fleming-Jackson v Fleming*, 41 AD3d at 176). Therefore, the amended complaint, supplemented by the plaintiff's affidavit, stated a cause of action against the appellants. Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was to dismiss the fifth cause of action insofar as asserted against them. Fisher, J.P., Florio, Covello and Dickerson, JJ., concur. [*See* 19 Misc 3d 756.]