■ TRACY LUCIA, Appellant, v GEOFFREY S. GOLDMAN et al., Defendants, and WASHINGTON MUTUAL BANK FA, Now Known as J.P. MORGAN CHASE BANK, N.A., Respondent. [893 NYS2d 90]—

The plaintiff alleges that the defendant Geoffrey S. Goldman fraudulently induced her to convey her property in foreclosure to him by promising to pay off her mortgage and apply the remainder of the purchase price to the purchase of another

home for her, or toward her repurchase of the original property. To finance the transaction, Goldman obtained a mortgage loan from the defendant Washington Mutual Bank FA, now known as J.P. Morgan Chase Bank, N.A. (hereinafter Washington Mutual). The plaintiff commenced this action, asserting common-law claims and alleging violations of Real Property Law § 265-a (the Home Equity Theft Prevention Act). The relief sought by the plaintiff included injunctive relief against Washington Mutual for cancellation of Goldman's mortgage. Washington Mutual moved, inter alia, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the amended complaint insofar as asserted against it based upon documentary evidence and for failure to state a cause of action. The Supreme Court granted that branch of the motion, finding that the mortgage documents submitted to it by Goldman established that Washington Mutual was a bona fide encumbrancer for value as defined by Real Property Law § 265-a (2) (a). We reverse.

On a motion to dismiss a complaint, the pleading is to be afforded a liberal construction. The court is to determine only whether the facts as alleged fit within any cognizable legal theory. The facts pleaded are presumed to be true and are to be accorded every favorable inference (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303 [2001]; *Salvatore v Kumar*, 45 AD3d 560, 563 [2007]; *Mayer v Sanders*, 264 AD2d 827, 828 [1999]). Further, "a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (*McGuire v Sterling Doubleday Enters., L.P.*, 19 AD3d 660, 661 [2005], quoting *Leon v Martinez*, 84 NY2d 83, 88 [1994]; *see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]). "[W]here evidentiary material is adduced in support of the motion, the court must determine whether the proponent of the pleading has a cause of action, not whether the proponent has stated one" (*Peter F. Gaito Architecture, LLC v Simone Dev. Corp.*, 46 AD3d 530, 530 [2007]; *see Meyer v Guinta*, 262 AD2d 463, 464 [1999]).

A motion to dismiss based on documentary evidence may appropriately be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d at 88; *Mazur Bros. Realty, LLC v State of New York*, 59 AD3d 401, 402 [2009]).

The amended complaint alleges that Washington Mutual was not a bona fide encumbrancer for value. We agree with the plaintiff that this allegation was not disproven by the documen-

tary evidence, and that the amended complaint sufficiently states a cause of action against Washington Mutual for cancellation of the mortgage. While the mortgage documents did not reveal the nature of the transaction, the plaintiff, in an affidavit, alleges that a Washington Mutual representative was present at the closing when the details of the transaction were extensively discussed. Presuming this allegation to be true, as we must on a motion to dismiss, Washington Mutual may be chargeable with notice of the alleged fraud or of the alleged violations of Real Property Law § 265-a (*see* Real Property Law § 265-a [2] [a]; *LaSalle Bank Natl. Assn. v Ally*, 39 AD3d 597, 600 [2007]; *Fischer v Sadov Realty Corp.*, 34 AD3d 630, 631 [2006]; *Miner v Edwards*, 221 AD2d 934 [1995]). Accordingly, the documentary evidence did not conclusively refute the plaintiff's allegation that Washington Mutual was not a bona fide encumbrancer for value (*see* Real Property Law § 265-a [2] [a]; § 266; *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *Fischer v Sadov Realty Corp.*, 34 AD3d at 631; *Miner v Edwards*, 221 AD2d 934 [1995]).

Further, Washington Mutual's contention that the plaintiff failed to satisfy a condition precedent to commencement of the action is without merit. Statutory rescission pursuant to Real Property Law § 265-a (8) is not a condition precedent to the commencement of an action pursuant to Real Property Law § 265-a (9). These subdivisions provide separate remedies, and subdivision (9) does not state that the cause of action created by that subdivision is contingent upon complying with the rescission procedures outlined in subdivision (8). "A court cannot amend a statute by adding words that are not there" (*American Tr. Ins. Co. v Sartor*, 3 NY3d 71, 76 [2004]). Moreover, the Home Equity Theft Prevention Act is a remedial statute, designed to stem an anticipated rise in so-called "mortgage rescue" schemes, and its provisions should be liberally construed in favor of equity sellers (*see Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006]; *Wells Fargo Bank, NA v Edsall*, 22 Misc 3d 1113[A], 2009 NY Slip Op 50112[U], *4 [2009]). Mastro, J.P., Florio, Balkin and Leventhal, JJ., concur.