■ ASHLEY SCOYNI et al., Respondents, v JOANNA CHABOWSKI et al., Appellants. [898 NYS2d 482]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated June 25, 2009, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The infant plaintiff allegedly sustained personal injuries when she was bitten by a dog owned by the defendants, Joanna Chabowski and Tom Chabowski. The defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint, alleging that

there was no evidence that they had prior actual or constructive knowledge of the vicious propensity of the dog.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the pleading is to be afforded a liberal construction (*see* CPLR 3026; *Natural Organics, Inc. v Smith*, 38 AD3d 628 [2007]). The facts pleaded are presumed to be true and are to be accorded every favorable inference (*see Rovello v Orofino Realty Co.*, 40 NY2d 633 [1976]). The court is to determine only whether the facts as alleged state "in some recognizable form any cause of action known to our law" (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]; *see Sheroff v Dreyfus Corp.*, 50 AD3d 877 [2008]). Further, "[w]here evidentiary material is [adduced in support of the] motion . . . the court must determine whether the [proponent of the pleading] has a cause of action, not whether the [proponent] has stated one" (*Steve Elliot, LLC v Teplitsky*, 59 AD3d 523, 524 [2009]; *see Peter F. Gaito Architecture, LLC v Simone Dev. Corp.*, 46 AD3d 530 [2007]).

Here, the issue of whether the defendants' " 'dog had vicious propensities and that the owner of the dog, or person in control of the premises where the dog was, knew or should have known of such propensities' " (*Christian v Petco Animal Supplies Stores, Inc.*, 54 AD3d 707, 707-708 [2008], quoting *Claps v Animal Haven, Inc.*, 34 AD3d 715, 716 [2006]; *see Bernstein v Penny Whistle Toys, Inc.*, 10 NY3d 787, 788 [2008]; *Feit v Wehrli*, 67 AD3d 729 [2009]; *Varvaro v Belcher*, 65 AD3d 1225 [2009]; *Palumbo v Nikirk*, 59 AD3d 691 [2009]) cannot be determined as a matter of law based upon the evidentiary materials submitted by both parties (*see Lucia v Goldman*, 68 AD3d 1064 [2009]; *International Shoppes, Inc. v Spencer*, 34 AD3d 429 [2006]; *Klein v Gutman*, 12 AD3d 417 [2004]). Although the cause of action was delineated as one alleging negligence, and the Supreme Court sustained the complaint as one sounding in negligence, the allegations contained in the complaint, albeit inartfully pleaded, taken together with the affidavits submitted in opposition to the defendants' motion, were sufficient to state a potentially meritorious cause of action premised on strict liability (*see Rovello v Orofino Realty Co.*, 40 NY2d 633 [1976]). Skelos, J.P., Santucci, Angiolillo and Chambers, JJ., concur.