■ Rosalie Thomas, Respondent, v LaSalle Bank National Association et al., Appellants, et al., Defendants. [913 NYS2d 742]—

In an action, inter alia, for rescission of all agreements made between the plaintiff and the defendants, the defendants LaSalle Bank National Association, as trustee for First Franklin Mortgage Loan Trust 2006-FF 18, Mortgage Loan Asset-Backed Certificates Series 2006-FF 18, and Mortgage Electronic Registration Systems, Inc., as nominee for First Franklin, a division of National City Bank, appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), entered January 19, 2010, which denied their motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the causes of action sounding in negligence and fraud, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, with costs to the respondent.

The plaintiff homeowner alleges that when she was unable to make her mortgage payments and was facing foreclosure, she was the victim of a scheme to defraud, in which certain defendants, while falsely claiming to help her, induced her to sign documents conveying her home to the defendant Frank M. Luscavage, a "straw" buyer. New mortgage loans were issued to Luscavage to pay off the plaintiff's existing mortgage, Luscavage later defaulted, and a foreclosure action was commenced against Luscavage (see LaSalle Bank N.A. v Luscavage, Sup Ct, Nassau County, index No. 13484/08).

The plaintiff commenced the instant action seeking, inter alia, rescission of all agreements she made with the defendants during the course of the alleged scheme to defraud. The appellants, the mortgagee on the transaction with Luscavage and the assignee of the mortgagee, moved to dismiss the complaint

insofar as asserted against them, submitting the closing documents and other evidence in support of their contention that the plaintiff has no cognizable claim against them. In opposition, the plaintiff submitted an affidavit and exhibits, including the complaint in an action commenced by the Attorney General of the State of New York alleging the scheme to defraud (see *State of New York v Empire Prop. Solutions, LLC*, Sup Ct, Nassau County, index No. 017767/09). The exhibits also included an order issued in that action temporarily staying, inter alia, the foreclosure action against Luscavage in *LaSalle Bank N.A. v Luscavage* pending a hearing on the Attorney General's motion for a preliminary injunction.

On a motion to dismiss, the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (see *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Scoyni v Chabowski*, 72 AD3d 792, 793 [2010]; *Lucia v Goldman*, 68 AD3d 1064, 1066 [2009]). When evidentiary material is adduced in support of the motion, the court must determine whether the proponent of the pleading has a cause of action, not whether the proponent has stated one (see *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Scoyni v Chabowski*, 72 AD3d at 793; *Peter F. Gaito Architecture, LLC v Simone Dev. Corp.*, 46 AD3d 530 [2007]).

Considering the complaint and all evidentiary material submitted, including the closing documents, the plaintiff has a cause of action for rescission of the subject mortgage transactions on a theory that the appellants are not bona fide encumbrancers for value. A mortgagee's interest in the property is protected unless it has notice of a previous fraud affecting the title of its grantor (see Real Property Law § 266; *Mathurin v Lost & Found Recovery, LLC*, 65 AD3d 617, 618 [2009]; *LaSalle Bank Natl. Assn. v Ally*, 39 AD3d 597, 599-600 [2007]). "[A] mortgagee is under a duty to make an inquiry where it is aware of facts 'that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue' " (*Stracham v Bresnick*, 76 AD3d 1009, 1010 [2010], quoting *LaSalle Bank Natl. Assn. v Ally*, 39 AD3d at 600). "A mortgagee who fails to make such an inquiry is not a bona fide encumbrancer for value" (*Booth v Ameriquest Mtge. Co.*, 63 AD3d 769, 769 [2009]).

Here, the documentary evidence establishes circumstances which would lead a reasonable, prudent lender to make inquiries concerning the transaction. Thus, under the first cause of

action alleged in the complaint, the plaintiff has a cause of action against the appellants for rescission of the subject mortgages (*see Lucia v Goldman*, 68 AD3d at 1065-1066; *Mathurin v Lost & Found Recovery, LLC*, 65 AD3d at 618; *LaSalle Bank Natl. Assn. v Ally*, 39 AD3d at 600).

The appellants correctly contend, however, that the complaint does not state a cause of action against them sounding in fraud premised on a theory that the attorney at the closing was their agent, and that his fraud should be imputed to them (*cf. Greenpoint Mtge. Funding, Inc. v Stewart Tit. Ins. Co.*, 49 AD3d 687, 691 [2008]; *Fidelity Natl. Tit. Ins. Co. of N.Y. v Consumer Home Mtge.*, 272 AD2d 512, 514 [2000]; *Hatton v Quad Realty Corp.*, 100 AD2d 609, 610 [1984]). Similarly, the complaint does not state a cause of action against the appellants sounding in negligence. Under the circumstances alleged here, a mortgagee does not owe a duty to the seller of real estate, in effect, to prevent a fraudulent conveyance (*see Mathurin v Lost & Found Recovery, LLC*, 65 AD3d at 617-618; *Harris v Adejumo*, 36 AD3d 855, 856-857 [2007]; *Tenenbaum v Gibbs*, 27 AD3d 722, 723 [2006]).

Finally, the appellants contend that the second cause of action to recover damages for waste and for an accounting should be dismissed insofar as asserted against them. We note, however, that the plaintiff does not name the appellants in that cause of action, but seeks that relief only against the other defendants.

Accordingly, the first cause of action adequately states a cause of action for rescission against the appellants on the theory that they are not bona fide encumbrancers for value, and the Supreme Court properly denied the appellants' motion to dismiss the complaint insofar as asserted against them. Covello, J.P., Angiolillo, Dickerson and Belen, JJ., concur.