■ JOEL SACHER et al., Respondents, v BEACON ASSOCIATES MANAGEMENT CORP. et al., Defendants, and FRIEDBERG, SMITH & Co., P.C., Appellant. [980 NYS2d 121]—In an action, inter alia, to recover damages for professional negligence, the defendant Friedberg, Smith & Co., P.C., appeals, as limited by its notice of appeal and a letter dated June 5, 2013, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered April 28, 2010, as denied that branch of its motion which was pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action involves losses sustained by an investment fund which invested with the firm of Bernard Madoff, who was convicted of crimes related to his operation of a Ponzi scheme. The plaintiffs are members of Beacon Associates, LLC II (hereinafter Beacon), and are suing derivatively on behalf of Beacon. The plaintiffs originally asserted claims against, among others, Beacon Associates Management Corp. (hereinafter BAMC), which is the managing member of Beacon, BAMC's principals, the investment consultant Ivy Asset Management, LLC (hereinafter Ivy), and Friedberg, Smith & Co., P.C. (hereinafter Friedberg), Beacon's independent auditor.

According to the amended complaint, Ivy introduced and recommended Madoff to BAMC and its principals to be an investment manager for a prospective fund which would become Beacon. Beacon offered limited liability membership interests to qualified investors through a confidential offering memorandum dated June 15, 2000. Pursuant to an operating agreement, BAMC was made managing member of Beacon, with full control over the operation of Beacon, entitling BAMC to a managing member fee. When Madoff's Ponzi scheme was discovered in December 2008, approximately 75% of Beacon's assets, valued at approximately $75 million, was invested with Madoff's firm.

The ninth cause of action of the amended complaint seeks to recover damages against Friedberg based upon its alleged professional negligence in connection with the auditing services it provided to Beacon. Friedberg moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against it, and the Supreme Court denied that branch of its motion.

Initially, the Supreme Court properly denied that branch of Friedberg's motion which was pursuant to CPLR 3211 (a) (3) to dismiss the amended complaint insofar as asserted against it for lack of standing. The plaintiffs sufficiently pleaded with particularity that demand upon BAMC to assert the claim against Friedberg on Beacon's behalf would have been futile (*see* Business Corporation Law § 626 [c]; *Bansbach v Zinn*, 1 NY3d 1, 9 [2003]; *Marx v Akers*, 88 NY2d 189, 200-201 [1996]). The amended complaint alleges that BAMC had a direct financial interest in Friedberg's issuance of clean audit opinions in the form of continued higher fees for maintaining the investment with Madoff, as well as inflated fees based on a percentage of Beacon's fictitious profits. Further, it alleges that BAMC's principals did not fully inform themselves about the challenged transaction to the extent reasonably appropriate under the circumstances (*see Matter of Comverse Tech., Inc. Derivative Litig.*, 56 AD3d 49, 55 [2008]).

The Supreme Court also properly denied that branch of Friedberg's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against it for failure to state a cause of action. On a motion to dismiss pursuant to CPLR 3211 (a) (7), the complaint is to be afforded a liberal construction (*see* CPLR 3026). The facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Thomas v LaSalle Bank N.A.*, 79 AD3d 1015 [2010]).

Contrary to Friedberg's contention, the plaintiffs sufficiently pleaded that Friedberg had a duty to discover Madoff's fraud and that its negligence proximately caused Beacon to sustain damages. The scope of the duty owed by a defendant is defined by the risk of harm which was reasonably foreseeable (*see Sanchez v State of New York*, 99 NY2d 247, 252 [2002]). "Although the precise manner in which the harm occurred need not be foreseeable, liability does not attach unless the harm is within the class of reasonably foreseeable hazards that the duty exists to prevent" (*Sanchez v State of New York*, 99 NY2d at 252; *see Di Ponzio v Riordan*, 89 NY2d 578, 584 [1997]). Fraud is within the class of reasonably foreseeable hazards that an auditor's duty exists to prevent, and the amended complaint alleges departures from professional standards related to the auditing of securities investments. Further, the question of whether responsibility for Beacon's losses may be reasonably attributed to Friedberg's alleged negligence in light of Madoff's criminal scheme is an issue for determination by the fact-finder (*see Bell v Board of Educ. of City of N.Y.*, 90 NY2d 944, 947 [1997]; *Kush v City of Buffalo*, 59 NY2d 26, 33 [1983]; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]).

Friedberg further contends that because the amended complaint alleges that BAMC committed wrongful acts that could be imputed to Beacon, the plaintiffs' derivative claim against Friedberg on behalf of Beacon is barred by the doctrine of in pari delicto. "The doctrine of in pari delicto is an equitable defense based on agency principles which bars a plaintiff from recovering where the plaintiff is itself at fault" (*Symbol Tech., Inc. v Deloitte & Touche, LLP*, 69 AD3d 191, 196 [2009]). The defense requires intentional conduct on the part of the plaintiff or its agents (*see Kirschner v KPMG LLP*, 15 NY3d 446, 474 [2010]). Here, the amended complaint does not allege that BAMC intentionally provided inaccurate financial statements to Friedberg for auditing (*cf. Symbol Tech., Inc. v Deloitte & Touche, LLP*, 69 AD3d at 197-198) or engaged in any other intentional conduct. Accordingly, Friedberg's contention in this regard is without merit. Rivera, J.P., Leventhal, Chambers and Lott, JJ., concur.