Feggins v Marks (2019 NY Slip Op 02852)





Feggins v Marks


2019 NY Slip Op 02852


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-04204
 (Index No. 703189/16)

[*1]Melva Feggins, et al., respondents, 
v
Jaime Marks, defendant, Real Estate Mortgage Network, Inc., appellant.


Belowich & Walsh LLP, White Plains, NY (Daniel G. Walsh and Kerry Ford Cunningham of counsel), for appellant.
Leavitt & Kerson, Forest Hills, NY (Paul E. Kerson of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to set aside a deed and cancel a mortgage, the defendant Real Estate Mortgage Network, Inc., appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), dated March 29, 2017. The order, insofar as appealed from, denied the motion of that defendant pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs are the half-sisters of the defendant Jaime Marks. Their mother, Olivia Marks (hereinafter the decedent), owned certain real property in Queens. By deed dated April 7, 2010, the decedent conveyed title to the subject property from her, as sole owner, to her and Jaime, as joint tenants with a right of survivorship. On August 26, 2011, the decedent and Jaime obtained a loan secured by a mortgage on the property from the defendant Real Estate Mortgage Network, Inc. (hereinafter the appellant). On August 21, 2012, the decedent died.
Thereafter, the plaintiffs commenced this action, inter alia, to set aside the deed and to cancel the mortgage on the grounds of undue influence and fraud. The appellant moved pursuant to CPLR 3211(a)(1), (3), and (7) to dismiss the complaint insofar as asserted against it. The Supreme Court denied the motion.
We agree with the Supreme Court's determination to deny the appellant's motion to dismiss the complaint insofar as asserted against it. On a motion to dismiss a complaint, the pleading is to be afforded a liberal construction, the court is to determine only whether the facts as alleged fit within any cognizable legal theory, and the facts pleaded are presumed to be true and are to be accorded every favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88; Thomas v Lasalle Bank N.A., 79 AD3d 1015, 1017; Salvatore v Kumar, 45 AD3d 560, 563). Further, " a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint'" (McGuire v Sterling Doubleday Enters., L.P., 19 AD3d 660, 661, quoting Leon v Martinez, 84 NY2d at 88; see Rovello v Orofino Realty Co., 40 NY2d 633, 635). "[W]here evidentiary material is adduced in support of the motion, the court must determine whether the proponent of the pleading has a cause of action, not whether the proponent has stated one" (Peter F. Gaito Architecture, LLC [*2]v Simone Dev. Corp., 46 AD3d 530, 530; see Meyer v Guinta, 262 AD2d 463, 464). A motion to dismiss based on documentary evidence may appropriately be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Leon v Martinez, 84 NY2d at 88; Lucia v Goldman, 68 AD3d 1064, 1065; Mazur Bros. Realty, LLC v State of New York, 59 AD3d 401, 402).
A mortgagee's interest in the property is not protected if the mortgagee had notice of a previous fraud affecting the title of its grantor (see Real Property Law § 266; Mathurin v Lost & Found Recovery, LLC, 65 AD3d 617, 618; LaSalle Bank Natl. Assn. v Ally, 39 AD3d 597, 599-600). "[A] mortgagee is under a duty to make an inquiry where it is aware of facts that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue'" (Stracham v Bresnick, 76 AD3d 1009, 1010, quoting LaSalle Bank Natl. Assn. v Ally, 39 AD3d at 600). "A mortgagee who fails to make such an inquiry is not a bona fide encumbrancer for value" (Booth v Ameriquest Mtge. Co., 63 AD3d 769, 769). Here, considering the complaint and all evidentiary material submitted, including the medical records of the decedent, the plaintiffs have a cause of action to cancel the subject mortgage on a theory that the appellant is not a bona fide encumbrancer for value, and the documentary evidence did not conclusively establish, as a matter of law, that the appellant was a bona fide encumbrancer for value (see Lucia v Goldman, 68 AD3d at 1065-1066; Mathurin v Lost & Found Recovery, LLC, 65 AD3d at 618; cf. LaSalle Bank Natl. Assn. v Ally, 39 AD3d at 600).
The appellant's remaining contentions are without merit.
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court