2386 Hempstead, Inc. v 182 St., Inc. (2020 NY Slip Op 03490)





2386 Hempstead, Inc. v 182 St., Inc.


2020 NY Slip Op 03490


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2017-03855
 (Index No. 6361/13)

[*1]2386 Hempstead, Inc., appellant, 
v
182 St., Inc., et al., defendants, Thelma Treasure, et al., respondents.


Borchert & LaSpina, P.C., Whitestone, NY (Helmut Borchert, Edward A. Vincent, and Robert W. Frommer of counsel), for appellant.
Zeichner Ellman & Krause LLP, New York, NY (Bryan D. Leinbach of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated January 23, 2017. The order, insofar as appealed from, denied the plaintiff's cross motion, in effect, for summary judgment dismissing the first counterclaim of the defendants Thelma Treasure and Stacy James, and a determination that its lien on the subject real property is a valid first priority lien.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 24, 2007, the defendant Thelma Treasure purchased the real property at issue (hereinafter the premises), financed in part by loans from Citimortgage, Inc. (hereinafter Citimortgage), and Citibank, N.A. (hereinafter Citibank). The loans were secured by mortgages on the premises. On September 25, 2007, Treasure executed a deed conveying the premises for no consideration to the defendant Suzan Peart. The deed was recorded on November 16, 2007.
On July 8, 2011, Peart applied to the plaintiff for a loan secured by a mortgage on the premises. Peart represented on the loan application that the premises were unencumbered. Before making the loan to Peart, the plaintiff sought to obtain a title insurance policy from Stewart Title Insurance Company. The title search raised a number of concerns about Peart's title to the premises, including the fact that Peart did not give any consideration to Treasure for her deed, and the fact that the prior mortgages obtained by Treasure from Citimortgage and Citibank remained open. The plaintiff did obtain a satisfaction of mortgage from Citimortgage, dated July 12, 2011, and a satisfaction of mortgage from Citibank, dated July 29, 2011, stating that the mortgage liens had been paid. However, the exception to title concerning lack of consideration was never cleared in accordance with the terms of the title report. On September 27, 2011, the plaintiff and Peart closed on the loan. At the mortgage closing, Peart executed a deed conveying the premises to a corporation she owned, the defendant 182 St., Inc., and 182 St., Inc., obtained a mortgage loan from the plaintiff. The plaintiff commenced this action after 182 St., Inc., failed to comply with the terms of the mortgage.
Treasure and her granddaughter, the defendant Stacy James, moved, inter alia, for summary judgment on their first counterclaim brought pursuant to RPAPL article 15 seeking to expunge the plaintiff's mortgage and remove it from the property's title. In support of their motion, they submitted affidavits stating that on September 24, 2007, Treasure, James, and Peart, who was James' aunt, had executed a "Trust Agreement," which they did not record. The Trust Agreement stated that Treasure would convey the premises to Peart, in trust for James, and thereafter, the premises would be conveyed to James. Treasure asserted in her affidavit that Peart had advised her that this temporary transfer was for Medicaid planning purposes, because at the time, Treasure's husband was gravely ill. The transfer from Treasure to Peart was made in accordance with the Trust Agreement, however Treasure continued to live at the premises and continued to pay carrying charges on the premises. The plaintiff opposed the motion, and cross-moved, in effect, for summary judgment dismissing Treasure and James' first counterclaim, and a determination that its lien on the premises is a valid first priority lien. The Supreme Court denied the motion and the cross motion, and the plaintiff appeals.
A mortgagee's interest in the property is protected unless it has notice of a previous fraud affecting the title of its grantor (see Real Property Law § 266; JP Morgan Chase Bank v Munoz, 85 AD3d 1124, 1125-1126; Thomas v LaSalle Bank N.A., 79 AD3d 1015, 1017; Mathurin v Lost & Found Recovery, LLC, 65 AD3d 617, 618; LaSalle Bank Natl. Assn. v Ally, 39 AD3d 597, 599-600). "[A] mortgagee is under a duty to make an inquiry where it is aware of facts that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue'" (Stracham v Bresnick, 76 AD3d 1009, 1010, quoting LaSalle Bank Natl. Assn. v Ally, 39 AD3d at 600). "A mortgagee who fails to make such an inquiry is not a bona fide encumbrancer for value" (Booth v Ameriquest Mtge. Co., 63 AD3d 769, 769).
Where there is a claim of a priority interest based on an earlier fraudulent conveyance, the plaintiff bears the initial burden on its motion for summary judgment to establish its prima facie entitlement to protection as an assignee of a good faith mortgagee (see JP Morgan Chase Bank v Munoz, 85 AD3d at 1126; Morris v Adams, 82 AD3d 946). Thus, here, the plaintiff was required to show that it had no knowledge of the alleged fraud or of facts that would have led a reasonable mortgagee to make inquiry of the possible fraud at the time the mortgage was entered into with Peart and 182 St., Inc. (see Onewest Bank, FSB v Michel, 143 AD3d 869; JP Morgan Chase Bank v Munoz, 85 AD3d at 1126). However, the plaintiff failed to establish, prima facie, that it was a bona fide encumbrancer, as it did not show that it "had no knowledge of . . . facts that would have led a reasonable mortgagee to make inquiry of the possible fraud at the time the mortgage was entered into with [182 St., Inc.]" (JP Morgan Chase Bank v Munoz, 85 AD3d at 1126). Since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, we agree with the Supreme Court's determination denying its cross motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court