Baldeo v HSBC Bank USA, NA (2024 NY Slip Op 03805)

Baldeo v HSBC Bank USA, NA

2024 NY Slip Op 03805

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2019-10751
2020-00206
 (Index No. 501455/13)

[*1]Philip Baldeo, respondent, 
v
HSBC Bank USA, NA, etc., appellant, et al., defendant.

Houser LLP, New York, NY (David S. Yohay and Kathleen M. Massimo of counsel), for appellant.
Jacob S. Feinzeig, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to determine claims to real property, the defendant HSBC Bank USA, NA, appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 7, 2019, and (2) an order and judgment (one paper) of the same court entered November 27, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant HSBC Bank USA, NA, and dismissing that defendant's counterclaim. The order and judgment, insofar as appealed from, upon the order, granted the same relief and declared that a judgment of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered March 21, 2016, in an action entitled Baldeo v Rambaran, commenced in that court under Index No. 17814/07, which was in favor of the plaintiff and against the defendant Hemant Rambaran in the total sum of $2,154,695.59, has priority over a mortgage on the subject property held by the defendant HSBC Bank USA, NA.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant HSBC Bank USA, NA, and dismissing that defendant's counterclaim are denied, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant HSBC Bank USA, NA.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of the order and judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]).
On August 10, 2005, the plaintiff, Philip Baldeo, and the defendant Hemant Rambaran executed a note in the amount of $302,250 in favor of Fremont Investment & Loan (hereinafter Fremont). The note was secured by a mortgage on certain real property located in [*2]Brooklyn (hereinafter the Fremont mortgage). The Fremont mortgage was not recorded.
On July 13, 2006, Rambaran executed an unsecured note in the amount of $913,500 in favor of Baldeo. Rambaran defaulted on that note, and, in an order entered April 21, 2015, the Supreme Court, Queens County, determined that Baldeo was entitled to a judgment in the sum of $913,500, plus 14% interest from October 4, 2006. A judgment in favor of Baldeo and against Rambaran in the total sum of $2,154,695.59 was entered on March 21, 2016.
Meanwhile, on March 30, 2007, Rambaran executed a deed conveying his interest in the property to his daughters Seema Rambaran and Sushma Rambaran (hereinafter together the daughters). The same day, the daughters executed a mortgage (hereinafter the Delta mortgage) on the property in favor of Delta Funding Corporation (hereinafter Delta).
In September 2009, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Fremont, commenced an action against, among others, Rambaran and the defendant HSBC Bank USA, NA (hereinafter HSBC), to set aside the March 2007 conveyance from Rambaran to the daughters as fraudulent and for a judgment declaring that the Fremont mortgage is superior to the Delta mortgage, now held by HSBC (see Mortgage Elec. Registration Sys., Inc. v Rambaran, 97 AD3d 802, 803). In an order dated May 23, 2011, the Supreme Court, inter alia, denied that branch of HSBC's motion which was for summary judgment dismissing that complaint insofar as asserted against it, and this Court affirmed the order insofar as appealed from (see id.).
On March 21, 2013, Baldeo commenced the instant action against HSBC, as Delta's successor in interest, and Rambaran. Baldeo sought, pursuant to RPAPL article 15, a judgment declaring that the unpaid, unsecured note dated July 13, 2006, on which he had not yet obtained a judgment, was superior to the Delta mortgage, on the ground that the conveyance from Rambaran to the daughters was fraudulent. HSBC interposed an answer and asserted a counterclaim seeking a judgment declaring that the Delta mortgage was first priority lien based upon the doctrine of equitable mortgage.
In a separate action commenced by Baldeo against Rambaran and the daughters, on May 12, 2017, the Supreme Court, Queens County, entered a judgment that adjudged the conveyance of the property from Rambaran to the daughters to be fraudulent and declared it null and void.
On January 15, 2019, after obtaining the judgment entered March 21, 2016, on the unsecured note, Baldeo moved in this action, inter alia, for summary judgment on the complaint insofar as asserted against HSBC and dismissing HSBC's counterclaim. In his supporting papers, Baldeo conceded, for purposes of his motion, that the daughters paid Rambaran $296,000 as consideration for the conveyance of the property. Baldeo also submitted an affidavit of a New York State certified real estate appraiser, who opined that the value of the property as of March 30, 2007, was $565,000.
In an order dated August 7, 2019, the Supreme Court, inter alia, granted those branches of Baldeo's motion. The court relied on this Court's decision and order determining that the Supreme Court had properly denied that branch of HSBC's motion which was for summary judgment dismissing the complaint insofar as asserted against it in the action to declare the Fremont mortgage superior to the Delta mortgage (see Mortgage Elec. Registration Sys., Inc. v Rambaran, 97 AD3d 802). In an order and judgment entered November 27, 2019, the court, among other things, granted those branches of Baldeo's motion and declared that the judgment entered March 21, 2016, in his favor has priority over the Delta mortgage. HSBC appeals.
The Supreme Court erred in granting those branches of Baldeo's motion which were for summary judgment on the complaint insofar as asserted against HSBC and dismissing HSBC's counterclaim and in declaring that the judgment entered March 21, 2016, on the unsecured note has priority over the Delta mortgage. Initially, the court should not have accorded collateral estoppel effect to this Court's decision and order in Mortgage Elec. Registration Sys., Inc. v Rambaran (97 AD3d 802). "The doctrine of collateral estoppel applies when: '(1) the issues in both proceedings [*3]are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits'" (Bank of N.Y. Mellon v Chamoula, 170 AD3d 788, 790, quoting Conason v Megan Holding, LLC, 25 NY3d 1, 17). Here, the issues in the actions were not identical. In Mortgage Elec. Registration Sys., Inc. v Rambaran (97 AD3d at 804), this Court determined only that HSBC had failed to demonstrate its entitlement to summary judgment dismissing the complaint insofar as asserted against it in the action to declare the Fremont mortgage superior to the Delta mortgage. This Court did not determine that MERS had established its entitlement to summary judgment on the complaint in that action. Thus, the Supreme Court erred in relying on that decision and order to determine that Baldeo had established his entitlement to summary judgment on the complaint insofar as asserted against HSBC and dismissing HSBC's counterclaim in this action.
Baldeo failed to otherwise establish his entitlement to summary judgment on the complaint insofar as asserted against HSBC and dismissing HSBC's counterclaim. "A mortgagee's interest in the property is protected unless it has notice of a previous fraud affecting the title of its grantor" (Thomas v LaSalle Bank N.A., 79 AD3d 1015, 1017; see Real Property Law § 266; 2386 Hempstead, Inc. v 182 St., Inc., 184 AD3d 783, 784). "[A] mortgagee is under a duty to make an inquiry where it is aware of facts 'that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue'" (Stracham v Bresnick, 76 AD3d 1009, 1010, quoting LaSalle Bank Natl. Assn. v Ally, 39 AD3d 597, 600; see 2386 Hempstead, Inc. v 182 St., Inc., 184 AD3d at 785). "A mortgagee who fails to make such an inquiry is not a bona fide encumbrancer for value" (Booth v Ameriquest Mtge. Co., 63 AD3d 769, 769; see 2386 Hempstead, Inc. v 182 St., Inc., 184 AD3d at 785). Further, "[a]n assignee stands in the shoes of the assignor and takes the assignment subject to any preexisting liabilities" (Arena Constr. Co. v Sackaris & Sons, 282 AD2d 489, 489; see TPZ Corp. v Dabbs, 25 AD3d 787, 789).
"The question of what constitutes fair consideration is generally one of fact, to be determined under the circumstances of the particular case" (Farmers Prod. Credit Assn. of Middletown v Taub, 121 AD2d 681, 682). Here, the fact that Rambaran conveyed the property to the daughters for approximately half of its then market value, years before Baldeo obtained his judgment against Rambaran on the unsecured note, was insufficient to establish, prima facie, that Delta should have inquired as to whether a fraud was taking place prior to issuing the Delta mortgage (see Corning Fed. Credit Union v Georgilis, 217 AD3d 827, 827-828; Miner v Edwards, 221 AD2d 934, 934-935; cf. Diaz v 297 Schaefer St. Realty Corp., 195 AD3d 794).
Accordingly, the Supreme Court should have denied those branches of Baldeo's motion which were for summary judgment on the complaint insofar as asserted against HSBC and dismissing HSBC's counterclaim, without regard to the sufficiency of HSBC's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court