CITIBANK, N. A., Respondent, v COMMONWEALTH LAND TITLE INSURANCE COMPANY, Appellant. [645 NYS2d 826]

The plaintiff Citibank, N. A. (hereinafter Citibank) issued a home equity loan to certain nonparty homeowners that was secured by a mortgage dated October 25, 1988. Citibank obtained title insurance for the transaction from the defendant Commonwealth Land Title Insurance Company (hereinafter Commonwealth) by a policy also dated October 25, 1988. The policy expressly excepted a prior existing mortgage on the property in the principal sum of $184,000. The Citibank mortgage was recorded on November 16, 1988. The nonparty homeowners eventually defaulted on their loan to Citibank. Citibank commenced foreclosure proceedings only to learn that the nonparty homeowners, on October 11, 1988, had encumbered the property with a mortgage in the amount of $279,000, a portion of which was used to discharge the prior existing mortgage for $184,000. This new mortgage was not recorded until November 2, 1988. Ultimately, it was determined that the $279,000 mortgage was superior to the Citibank mortgage and the proceeds from the foreclosure sale were insufficient to satisfy the Citibank loan. Accordingly, Citibank commenced this action against Commonwealth seeking, *inter alia,* indemnification under the policy of title insurance.

A policy of title insurance insures "against loss by reason of defective titles and encumbrances and insur[es] the correctness of searches for all instruments, liens or charges affecting the title to such property" (Insurance Law § 1113 [a] [18]; *see also,* Insurance Law § 6401 [b]; *L. Smirlock Realty Corp. v Title Guar. Co.,* 52 NY2d 179; 5A Warren's Weed, New York Real Property, Title Insurance, §§ 1.02, 4.03 [3] [b] [4th ed]). Here, Citibank incurred a loss due to an undisclosed, ultimately superior encumbrance, one of the very occurrences for which it secured coverage from Commonwealth (*see,* 5A Warren's Weed, New York Real Property, Title Insurance, § 4.03 [3] [b] [4th ed]). Commonwealth argues against this conclusion by noting that the coverage afforded under the policy was limited to encumbrances, etc., that arose prior to the October 25, 1988, date that the policy was issued. Accordingly, Commonwealth argues, because the $279,000 mortgage was not recorded until

November 2, 1988, it cannot be held contractually liable for the loss. However, Commonwealth's reliance on the date of recordation is misplaced. "[T]he liability of the title insurer to its insured is essentially based on contract law and not negligence law. As such, it is governed and limited by agreements, terms, conditions and provisions contained in the title insurance policy. Thus, it is no defense to a title insurer to assert that the matter which caused a loss to its insured could not have been ascertained by a reasonably competent search, examination and legal consideration of the land records. As previously indicated the title insurer will be liable for hidden defects and all matters affecting title within the policy coverage and not excluded or specifically excepted from said coverage" (5A Warren's Weed, New York Real Property, Title Insurance, § 1.03 [6] [4th ed], at 15). Here, the only arguably relevant exclusion under the policy is for "[d]efects and encumbrances *arising* or becoming liens after the date of this policy" (emphasis supplied). However, because the mortgage for $279,000 "arose" when it was executed on October 11, 1988 (*see,* 3A Warren's Weed, New York Real Property, Mortgages, §§ 7.01, 7.07, 8.01 [3] [4th ed]), which is prior to date of the Commonwealth policy, the exclusion does not apply. Indeed, although the issue need not be reached on the facts presented, Commonwealth had actual knowledge of the $279,000 mortgage as it issued title insurance to the mortgagee thereof.

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Rosenblatt, Ritter and Copertino, JJ., concur.