■ FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK et al., Respondents, v CONSUMER HOME MORTGAGE, INC., Appellant, et al., Defendants. [708 NYS2d 445] —In an action for a judgment declaring that certain insurance policies issued by

the plaintiff Fidelity National Title Insurance Company of New York are null and void, the defendant Consumer Home Mortgage, Inc., appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Franco, J.), entered August 28, 1998, as, in effect, denied its motion for summary judgment, granted summary judgment to the plaintiffs, and declared that the plaintiff Fidelity National Title Insurance Company of New York had no contractual obligation to it.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The defendant, Consumer Home Mortgage, Inc. (hereinafter Consumer), is in the business of lending money for the purchase of residential homes, with those loans secured by mortgages. In order to fund the mortgage loans it offers, Consumer entered into interim loans from lending institutions known as "warehouse banks", and upon the closing of each loan, Consumer then sold the loan and mortgage to so-called "secondary market investors" such as the Federal National Mortgage Association (hereinafter Fannie Mae) and Fleet Mortgage Corp. (hereinafter Fleet).

During 1996, Consumer entered into mortgage commitments, agreeing to loan money to several prospective buyers of residential property. The loans were to be secured by a note and mortgage as a lien on each of the subject properties to be purchased. Prior to closing, the prospective buyers obtained Loan Policies of Title Insurance from the plaintiff Fidelity National Title Insurance Company of New York (hereinafter Fidelity) for the benefit of Consumer as mortagee, insuring the validity and enforceability of the lien of each proposed mortgage. Also prior to closing, Consumer designated the defendant law firm Ferrara & Associates, P. C., and the defendant attorney Perry Ferrara (collectively referred to as Ferrara), to act as its so-called "settlement service provider". Consumer then authorized the warehouse banks to wire the interim loan funds into an escrow account held by Ferrara, and authorized Ferrara to supervise the execution of loan documents at the closings and issue checks to the appropriate parties.

In October 1996, the closings took place at Ferrara's offices, as designated, at which time the prospective buyers received deeds to the properties to be purchased, and in turn, they delivered to Consumer the respective notes and mortgages, in addition to the Loan Policies of Title Insurance. Shortly thereafter, all parties were notified that the checks drawn on the

escrow account of Ferrara had been dishonored for insufficient funds. Fidelity refused to record the mortgages for lack of consideration, and moved for a declaration of the rights and obligations of all the parties. Consumer moved for summary judgment declaring that the loan policies were valid and enforceable, and demanded coverage from Fidelity for the loss incurred.

Contrary to Consumer's contentions, title insurance insures against loss regarding title to the land, not the underlying debt (*see,* Insurance Law § 1113 [a] [18]; *Smirlock Realty Corp. v Title Guar. Co.,* 52 NY2d 179, 187; *Logan v Barretto,* 251 AD2d 552; *Citibank v Commonwealth Land Tit. Ins. Co.,* 228 AD2d 635). Moreover, where as here, the underlying debt has not been satisfied, the mortgage it was meant to secure must fail (*see, Gerrold v Penn Tit. Ins. Co.,* 271 NJ Super 50, 637 A2d 1293). Thus, the court properly determined that where there is no underlying debt, there is no valid mortgage, and that the loan policies purportedly insuring said mortgages were not valid or enforceable.

Furthermore, coverage was properly denied pursuant to the exclusionary provision in the loan policy in which Fidelity expressly excluded coverage for any loss which Consumer "created, suffered, assumed or agreed to". Here, Consumer admittedly designated Ferrara as its settlement service provider by directing the funds earmarked for the mortgage loans to an escrow account maintained by Ferrara, and by authorizing Ferrara to perform certain duties on Consumer's behalf at the closings. Where a loss is caused by the fraud of a third party, in determining the liability as between two innocent parties, the loss should fall on the one who enabled the fraud to be committed (*see, Hatton v Quad Realty Corp.,* 100 AD2d 609; *see also,* 60 NY Jur 2d, Fraud and Deceit, § 185). Thus, the actions of Ferrara were properly imputed to Consumer. As such, Consumer created the loss which is excluded from coverage. Bracken, J. P., Sullivan, Altman and Krausman, JJ., concur.