■ GREENPOINT MORTGAGE FUNDING, INC., Respondent, v STEWART TITLE INSURANCE COMPANY, Appellant. [854 NYS2d 185]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (*see* CPLR 5501 [a] [1]).

Jack Beige, an attorney, and Louis V. Crispino (hereinafter Louis) were principals in Royal Mortgage Bankers, Inc. (hereinafter Royal), a licensed mortgage banking company. Royal entered into an agreement with the plaintiff Greenpoint Mortgage Funding, Inc. (hereinafter Greenpoint) pursuant to which Royal agreed to originate and take applications for mortgage loans. Greenpoint agreed to evaluate, among other things, the applicant's credit and the value of the real property in question. If the applicant met Greenpoint's underwriting requirements, Greenpoint would "table fund" the mortgage loan, which was made by Royal to the applicant, by wiring the funds necessary for the loan to a designated account. Royal would then simultaneously assign the mortgage and the promissory note to Greenpoint.

In March 1999 Louis submitted an application to Royal for a mortgage loan secured by his home in Suffolk County, in order to refinance the existing indebtedness encumbering his home. The home was owned by Louis and his wife Linda Crispino (hereinafter Linda) as tenants by the entirety. It is undisputed that the mortgage loan was to be issued to Louis only. It is also undisputed that the transaction required Linda to execute a deed conveying her interest in the home to Louis. After evaluating the application, Greenpoint agreed to "table fund" a mortgage loan in the amount of $402,500. Greenpoint also approved Beige to supervise the closing of the loan. The defendant Stewart Title Insurance Company (hereinafter Stewart) issued a policy insuring the mortgage in the amount of $402,500. The policy indicated that title in the property was vested solely in Louis's name, and that "Royal Mortgage Brokers Inc., its successors and/or assigns" was the insured party.

At the closing of the loan on June 23, 1999 a deed purportedly conveying Linda's interest in the home to Louis (hereinafter the deed) was presented. The following facts are undisputed. Linda was not present at the closing, and, other than the title closer's inquiry to Louis as to whether his wife were alive, there was no attempt made to verify what purported to be Linda's

signature on the deed. Moreover, Beige was not present at the closing. Instead, he designated an employee of Royal, who was a notary public but not an attorney, to supervise the closing of the loan. The employee notarized Linda's signature on the deed. All of the loan and closing documents were prepared by Greenpoint, and Greenpoint provided Beige with specific closing instructions. Greenpoint "table funded" the mortgage loan by wiring the funds directly into Beige's escrow account, Royal assigned the mortgage and note to Greenpoint, and Beige subsequently disbursed those funds to, among others, Louis and the parties already holding mortgages on the property. Louis died in January 2001 and, shortly before his death, he admitted to Linda that he participated in an illegal conveyance of her interest in the home in 1999.

In March 2001 Linda commenced an action (hereinafter the Linda Crispino action), inter alia, to set aside the deed because her signature on the deed was forged, and for a judgment declaring that the mortgage and note that had been assigned to Greenpoint by Royal are nullities. Stewart agreed to defend Greenpoint in the Linda Crispino action under the policy, but it reserved its rights to assert any defenses and to seek recovery of the attorney's fees and costs in defending Greenpoint if it subsequently determined that Greenpoint was not covered by the policy. After a nonjury trial, the Supreme Court, Suffolk County, found that Louis forged Linda's signature on the deed. The court issued a "partial judgment" declaring that the deed is null and void, and declaring that the mortgage is null and void because Greenpoint's interest in the property had been extinguished upon Louis's death. Greenpoint appealed to this Court from stated portions of the partial judgment. By decision and order dated April 14, 2003, this Court affirmed the partial judgment insofar as appealed from (see Crispino v Greenpoint Mtge. Corp., 304 AD2d 608 [2003]), holding that the Supreme Court correctly set aside the deed and the mortgage, that Greenpoint was the assignee of the mortgage, and that Royal was the assignor of the mortgage (id. at 609).

Greenpoint subsequently requested that Stewart indemnify its loss under the policy. Stewart denied the claim, asserting that Greenpoint was not entitled to coverage. Greenpoint then commenced this action to recover the amount of the mortgage loan pursuant to the policy. Stewart, inter alia, interposed a counterclaim to recover the attorney's fees and costs it incurred in defending Greenpoint in the Linda Crispino action, contending that Greenpoint was not entitled to a defense or indemnification under the policy. Greenpoint moved for summary judgment

on the complaint and dismissing the couterclaim, and Stewart cross-moved for summary judgment dismissing the complaint and on its counterclaim.

In a subsequent action commenced by Greenpoint against Beige to recover damages for his negligence in the performance of his duties, Greenpoint alleged in its complaint that Beige "was retained by GreenPoint and undertook to act as Green-Point's closing agent in connection with the closing on June 23, 1999 of a certain mortgage loan in the amount of $402,500.00 made in favor of one Louis V. Crispino." Greenpoint also alleged that Beige "was negligent in the performance of his duties on behalf of GreenPoint [by] delegating his responsibilities at the closing . . . and in failing to properly review the closing documents prior to authorizing the release of the loan proceeds which had been wired to him by GreenPoint."

In the instant action, the Supreme Court determined that Greenpoint was the assignee of the mortgage, and that it was an "insured" under the policy because it had purchased the mortgage "for value without knowledge of the asserted defect, lien, encumbrance, adverse claim or other matter." The Supreme Court also determined, inter alia, that Royal was not the alter ego or the agent of Greenpoint and did not enable the fraud—the forgery of Linda's signature on the deed—to be committed. Thus, it held that the provision of the policy excluding from coverage "[d]efects, liens, encumbrances, adverse claims or other matters . . . created, suffered, assumed or agreed to by the insured claimant" did not apply to Greenpoint. Furthermore, the court determined that the provision of the policy excluding from coverage any defects, liens, encumbrances, adverse claims, or other matters "attaching or created" subsequent to the date of the policy did not apply. The court granted Greenpoint's motion for summary judgment on the complaint and dismissing the counterclaim and denied Stewart's cross motion for summary judgment dismissing the complaint and on the counterclaim. An amended judgment was entered in favor of Greenpoint in the principal sum of $402,500. We reverse.

We agree with the Supreme Court that Royal was not the alter ego or agent of Greenpoint (see Almonte v Western Beef, Inc., 21 AD3d 514, 515-516 [2005]; Longshore v Davis Sys. of Capital Dist., 304 AD2d 964, 965 [2003]; Maurillo v Park Slope U-Haul, 194 AD2d 142, 146 [1993]; L. Smirlock Realty Corp. v Title Guar. Co., 70 AD2d 455, 464 [1979], mod on other grounds 52 NY2d 179 [1981]). Moreover, we agree that Greenpoint was an "insured" under the policy because it purchased the

mortgage for value and it did not have actual notice of the forged deed.

However, the Supreme Court incorrectly granted Greenpoint's motion for summary judgment on the complaint and dismissing the counterclaim. Greenpoint made a prima facie showing of its entitlement to judgment as a matter of law by tendering evidence that Beige was Royal's agent, that Greenpoint merely designated Beige as the attorney to supervise the closing of the loan, and that Beige had no power to bind Greenpoint to any agreement or contract (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 854 [1985]).

In opposition, Stewart submitted sufficient evidence to raise a triable issue of fact as to whether Greenpoint enabled the forgery to be committed (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Fidelity Natl. Tit. Ins. Co. of N.Y. v Consumer Home Mtge.,* 272 AD2d 512, 514 [2000]). Specifically, Stewart tendered evidence that Greenpoint assigned certain responsibilities regarding the closing of the loan to Beige, with knowledge that both Beige and Louis were principals of Royal, and that Royal was the entity making the loan to Louis. Moreover, Stewart established that Beige did not appear at the closing, instead delegating his responsibilities to an employee of Royal who was not an attorney, but merely a notary public who notarized Linda's forged signature on the deed notwithstanding Linda's absence from the closing. Furthermore, Stewart presented evidence that, in the action commenced by Greenpoint against Beige, Greenpoint alleged that Beige was its closing agent with respect to the mortgage loan and that Beige was negligent in its responsibilities to Greenpoint. Since there are triable issues of fact as to whether Beige participated in the fraud perpetrated by Louis and Royal, and whether Greenpoint in fact designated Beige as its closing agent for the loan and assigned him certain responsibilities, there are thus triable issues of fact as to whether Beige's conduct may be imputed to Greenpoint. Accordingly, it is for the finder of fact to determine whether the policy's exclusion from coverage of "[d]efects, liens, encumbrances, adverse claims or other matters . . . created, suffered, assumed or agreed to by the insured claimant" is applicable, in light of the fact that Greenpoint admittedly wired the funds for the loan to Beige's escrow account. "Where a loss is caused by the fraud of a third party, in determining the liability as between two innocent parties, the loss should fall on the one who enabled the fraud to be committed" (*Fidelity Natl. Tit. Ins. Co. of N.Y. v Consumer Home Mtge.,* 272 AD2d at 514). Thus, the Supreme Court erred in granting Greenpoint's motion for sum-

mary judgment on the complaint and dismissing the counter-claim.

The parties' remaining contentions are without merit. Rivera, J.P., Skelos, Santucci and Leventhal, JJ., concur. [*See* 12 Misc 3d 1194(A), 2006 NY Slip Op 51568(U).]