■ KAREN APPLEBY, Appellant, v CHICAGO TITLE INSURANCE COMPANY, Respondent. [914 NYS2d 257]—

In an action for a judgment declaring that the plaintiff is entitled to recover, under a policy of title insurance, the diminu-

tion in the market value of certain premises from the date of the plaintiff's purchase of the premises until March 23, 2006, and to recover damages for breach of contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Loehr, J.), entered October 9, 2009, as, in effect, granted the defendant's motion for summary judgment declaring that its obligation under the policy is limited to the sum of $59,031 and, in effect denied her cross motion for summary judgment on the complaint, inter alia, declaring that the defendant is obligated to her under the policy for the diminution in the market value of the premises from the date of her purchase of the premises until March 23, 2006.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for summary judgment declaring that its obligation under the policy is limited to the sum of $59,031 is denied, the plaintiff's cross motion for summary judgment on the complaint, inter alia, declaring that the defendant is obligated to her under the policy for the diminution in the market value of the premises from the date of her purchase of the premises until March 23, 2006, is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, among other things, declaring that the defendant is obligated to indemnify the plaintiff for her loss or damages arising from the diminution in the market value of the premises from the date of her purchase of the premises until March 23, 2006, and for further proceedings in accordance herewith.

In 1997 the plaintiff and her former husband became aware that the owner of premises located at 49A Old Albany Post Road in Ossining (hereinafter the premises), wished to sell the premises. According to the plaintiff, the owner of the premises told her that the premises did not have direct access to Old Albany Post Road, but was benefitted by an easement which allowed a car to be driven across the neighboring property at 49B Old Albany Post Road in order to reach the street. Prior to purchasing the premises, the plaintiff became aware that the owner of the property at 49B Old Albany Post Road did not agree that the premises were benefitted by an easement permitting vehicles to be driven across his property in order to reach the street. Prior to the purchase of the premises, the plaintiff informed her attorney who, in turn, informed the defendant, Chicago Title Insurance Company (hereinafter Chicago Title), of the potential issue involving the easement.

On or about April 10, 1997, the plaintiff and her former husband purchased the premises, and secured, from Chicago

Title, a title insurance policy (hereinafter the policy) in the face amount of $59,031. Schedule B of the policy provides, in pertinent part:

"This policy does not insure against loss or damage (and the Company does not pay costs, attorney's fees or expenses) which arise by reason of: . . .

"9. Insured premises as described in Schedule 'A' is benefited [sic] by a Right of Way as described in Deed from ROBERTA FREED to SADIE P. SABRE dated July 22, 1947 and recorded August 20, 1947 in Liber 4549 of Deeds at Page 68.

"Policy, however, shall except from coverage the cost of any and all litigation expense, including, but not limited to attorney's fees, court costs or expenses relevant to the defense or enforcement of the insureds [sic] rights under said Right of Way, through all courts of the State of New York, including the Appellate Division and Court of Appeals.

"Policy, however, shall insure that the outcome of said litigation shall be favarable [sic] to the Insured and confirm a Right of Vehicular ingress and egress to the insured premises."

The policy also included a Market Value Policy Rider (hereinafter the rider) executed by Chicago Title which provides that, in consideration for the payment of an additional premium, "the Company [Chicago Title] insures the named homeowner [the plaintiff] against loss or damage not exceeding the market value of the premises at the time of loss, in accordance with the conditions of the Policy not inconsistent with the provisions of this Rider." The rider also states that "[a]ll other provisions of the Policy, not inconsistent with the provisions of this Rider, shall remain in full force and effect." Additionally, the Rider provides that "in the event of a loss, partial or total, the insured shall have the option to elect to value such loss under the terms of this Rider or under the terms and amount of the Policy."

The plaintiff commenced an action pursuant to RPAPL article 15 for a judgment declaring that the disputed easement is valid, and for a permanent injunction preventing interference with her use of the easement (see Appleby v Evans, 23 AD3d 323 [2005]). In a judgment entered May 18, 2004, rendered after a nonjury trial, the Supreme Court, inter alia, declared that the easement was limited solely to use as a pedestrian right-of-way (id.). In a decision and order dated November 7, 2005, this Court affirmed the judgment insofar as appealed from (id.). In an order dated March 23, 2006, the Court of Appeals denied leave to appeal (see Appleby v Evans, 6 NY3d 708 [2006]).

Thereafter, the plaintiff filed a claim under the policy with

Chicago Title. In response, Chicago Title asserted that the plaintiff was entitled to the sum of $59,031. The plaintiff disputed the amount offered to her and subsequently commenced the instant action for a judgment declaring the rights of the parties under the policy, and to recover damages for breach of contract.

Chicago Title moved for summary judgment declaring that its obligation under the policy was limited to $59,031, and dismissing the second cause of action. The plaintiff cross-moved for summary judgment on the complaint, inter alia, declaring, among other things, that she had a valid policy, and that she was entitled to recover the diminution in the market value of the premises from the date of her purchase of the premises until March 23, 2006. The Supreme Court, in effect, awarded summary judgment in favor of the defendant declaring that its obligation under the policy is limited to the sum of $59,031, and, in effect, denied the plaintiffs' cross motion. The plaintiff appeals, and we reverse the order insofar as appealed from.

"[A] policy of title insurance is a contract by which the title insurer agrees to indemnify its insured for loss occasioned by a defect in title" (*L. Smirlock Realty Corp. v Title Guar. Co.*, 52 NY2d 179, 188 [1981]; *Brucha Mtge. Bankers Corp. v Nations Tit. Ins. of N.Y.*, 275 AD2d 337, 338 [2000]).

"As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning . . . [A] contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion . . . Thus, if the agreement on its face is reasonably susceptible of only one meaning, a court is not free to alter the contract . . . If the terms of a policy are ambiguous, however, any ambiguity must be construed in favor of the insured and against the insurer" (*White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007] [citations and internal quotation marks omitted]; *see Vigilant Ins. Co. v Bear Stearns Cos., Inc.*, 10 NY3d 170, 177 [2008]; *Antoine v City of New York*, 56 AD3d 583, 584 [2008]; *see also* 1 NY Jur 2d Abstracts § 48).

Chicago Title's liability to the plaintiff for her loss is determined by the terms of the rider, and not by any contrary provisions of the policy. The rider provides that the insured homeowner is insured "against loss or damage not exceeding the market value of the premises at the time of loss." The "time of loss" is defined in the rider as "such date as the homeowner shall have actual knowledge of facts giving rise to a claim under the Policy."

Since the policy "insure[d] that the outcome of said litigation shall be favarable [*sic*] to the Insured and confirm a Right of Vehicular ingress and egress to the insured premises," the plaintiff could not have had "actual knowledge of the facts giving rise to a claim" unless and until the litigation concerning the purported easement had resulted in an outcome unfavorable to her, and denied her a right of vehicular ingress and egress to the premises. Under the facts of the instant matter, the time of loss was March 23, 2006, the date when the Court of Appeals denied leave to appeal (*see Appleby v Evans*, 6 NY3d 708 [2006]). To the extent that the "time of loss," as defined in the rider, presents an ambiguity, such ambiguity must be construed against Chicago Title, as the drafter of the language and the issuer of the policy and rider (*see White v Continental Cas. Co.*, 9 NY3d at 267; *Antoine v City of New York*, 56 AD3d 583 [2008]). Accordingly, Chicago Title is liable to the plaintiff for her "loss or damage not exceeding the market value of the premises at the time of loss," namely, March 23, 2006.

We note that the rider provides that arbitrators are to determine the market value at the time of loss.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that Chicago Title is obligated to reimburse the plaintiff for the diminution of the market value of the premises from the date of her purchase of the premises until March 23, 2006, not exceeding the market value of the premises as of that latter date (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Dillon, Eng and Chambers, JJ., concur.