In an action, inter alia, to recover damages for breach of a title insurance policy, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Bivona, J.), dated September 30, 2011, as amended by an order of the same court dated November 4, 2011, as granted the motion of the defend *1065 ant Chicago Title Insurance Company for summary judgment dismissing the complaint insofar as asserted against it, and denied that branch of their cross motion which was for summary judgment on the issue of liability on the second cause of action.
Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Chicago Title Insurance Company for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 1984, property owners of many parcels along the south side of Dune Road in the Town of Southampton commenced a class action against, among others, the County of Suffolk and the State of New York, regarding the maintenance and renewal of the beach areas of those parcels. The action was settled by stipulation of settlement and consent judgment dated October 31, 1994, which resolved the matter, inter alia, by calling for the execution of a boundary line agreement. The stipulation of settlement and consent judgment was recorded in the office of the Suffolk County Clerk in November 1994, and the final judgment dismissing the class action was recorded in December 1994. The boundary line agreement, dated March 20, 1996, conveyed title to portions of the involved properties, which were south of a line 188 feet south of Dune Road, to the State of New York. In return, the appropriate governmental entities took responsibility for maintaining and renewing the beach areas of those properties. The boundary line agreement was not recorded until 2003.
Meanwhile, in February 2002, the plaintiffs acquired title to the subject property located on Dune Road. Prior to entering into the contract of sale for the subject property, the plaintiffs hired the defendant Chicago Title Insurance Company (hereinafter Chicago Title) to search title to the property, prepare a title report, and issue a policy of title insurance. At the closing, the plaintiffs purchased a title insurance policy from Chicago Title. It was not discovered until after the purchase that, due to the boundary line agreement, which conveyed a portion of the subject property to the State, the plaintiffs acquired title to less than one-half of the property that they had bargained for and purchased.
The plaintiffs commenced this action, inter alia, to recover damages for breach of the title insurance policy. Chicago Title moved for summary judgment dismissing the complaint insofar *1066 as asserted against it. The plaintiffs cross-moved, inter alia, for summary judgment on the issue of liability on the second cause of action, which alleged breach of the title insurance policy. In an order dated September 30, 2011, which was amended by order dated November 4, 2011, the Supreme Court, inter alia, granted Chicago Title’s motion and denied that branch of the plaintiffs’ cross motion which was for summary judgement on the issue of liability on the second cause of action.
“Essentially ... a policy of title insurance is a contract by which the title insurer agrees to indemnify its insured for loss occasioned by a defect in title” (L. Smirlock Realty Corp. v Title Guar. Co., 52 NY2d 179, 188 [1981]; see Appleby v Chicago Tit. Ins. Co., 80 AD3d 546, 549 [2011]). “A policy of title insurance insures ‘against loss by reason of defective titles and encumbrances and insur[es] the correctness of searches for all instruments, liens or charges affecting the title to such property’ ” (Citibank v Commonwealth Land Tit. Ins. Co., 228 AD2d 635, 636 [1996], quoting Insurance Law § 1113 [a] [18]). Since the title insurer’s liability to its insured is based, in essence, on contract law, that liability is governed and limited by the agreements, terms, conditions, and provisions contained in the title insurance policy (see Property Hackers, LLC v Stewart Tit. Ins. Co., 96 AD3d 818, 819 [2012]; Citibank v Commonwealth Land Tit. Ins. Co., 228 AD2d at 637). In general, a title insurer “ ‘will be liable for hidden defects and all matters affecting title within the policy coverage and not excluded or specifically excepted from said coverage’ ” (Citibank v Commonwealth Land Tit. Ins. Co., 228 AD2d at 637, quoting 5A Warren’s Weed, New York Real Property § 1.03 [6] at 15 [4th ed]).
The Supreme Court improperly granted Chicago Title’s motion for summary judgment dismissing the complaint insofar as asserted against it. The subject title insurance policy insures against damages arising out of, inter alia, any defect in title, unless an exclusion or exception from coverage applies. Here, the stipulation of settlement and consent judgment, final judgment, and boundary line agreement constitute a defect in title. By virtue of the boundary line agreement, the plaintiffs actually acquired title to less than one-half of the property they bargained for and purchased. Thus, in order to satisfy its burden of establishing its prima facie entitlement to judgment as a matter of law, Chicago Title was required to demonstrate that an exclusion or exception to coverage applies.
Contrary to Chicago Title’s contention, it failed to establish, prima facie, that the defect in title fell within exclusion 3 (d) of the policy, which excludes from coverage defects “attaching or *1067 created subsequent to” the date of the policy. The boundary line agreement “attached” or was “created” in 1996, not when it was recorded in 2003 (see Citibank v Commonwealth Land Tit. Ins. Co., 228 AD2d at 637).
However, Chicago Title established, prima facie, that the defect in title fell within exclusion 3 (c) of the policy, which excludes from coverage defects “resulting in no loss or damage to the insured claimant.” Chicago Title presented an affidavit from a certified real estate appraiser opining that the plaintiffs have not sustained any loss in property value as a result of the boundary line agreement. Indeed, Chicago Title’s appraiser opined that the boundary line agreement resulted in a benefit to the plaintiffs and added significant value to their property due to the government’s maintenance and nourishment of the beach. In opposition, however, the plaintiffs raised a triable issue of fact as to whether they suffered a loss or damages as a result of the defect in title. The plaintiffs submitted an affidavit of their certified real estate appraiser, who opined that the total loss to the plaintiffs of all title to the portion of their purchased premises lying to the south of the 188-foot line constituted a measurable diminution in the value of the plaintiffs’ purchase. In light of these conflicting expert opinions, there is a triable issue of fact as to whether the plaintiffs sustained a loss or damages as a result of the defect in title (see generally Matter of W.O.R.C. Realty Corp. v Board of Assessors, 100 AD3d 75, 96 [2012]).
Similarly, the Supreme Court properly denied that branch of the plaintiffs’ cross motion which was for summary judgement on the issue of liability on the second cause of action. The plaintiffs met their prima facie burden of establishing their entitlement to judgment as a matter of law on the issue of liability on the second cause of action by showing that they had a valid title insurance policy and that they incurred loss or damage due to a defect in the title (see Citibank v Commonwealth Land Tit. Ins. Co., 228 AD2d at 636; see also Purcell v Commonwealth Land Tit. Ins. Co., 19 AD3d 469 [2005]). However, in opposition, Chicago Title raised a triable issue of fact as to whether the plaintiffs suffered any loss or damage due to the defect in title.
The parties’ remaining contentions are without merit. Skelos, J.E, Leventhal, Hall and Lott, JJ., concur.