In an action, inter alia, to recover damages for breach of an insurance contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated December 8, 2011, as granted the motion of the defendant United General Title Insurance Company for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant United General Title Insurance Company for summary judgment dismissing the complaint insofar as asserted against it is denied.
In January 2005, Fayyaz Ahmed, posing as Munir Lodhi, obtained a mortgage loan from the plaintiff in the amount of $304,200 secured by certain real property in Staten Island. The plaintiff obtained title insurance for the transaction from the defendant United General Title Insurance Company (hereinafter United). In December 2005, the plaintiff learned that Lodhi had been the victim of identity theft by Ahmed. After verifying Lodhi’s claim of identity theft, the plaintiff executed a satisfaction of mortgage releasing its lien on Lodhi’s property. It then notified United of its claim under the title insurance policy (hereinafter the policy), and subsequently recorded the satisfaction of mortgage. Three and one-half years later, United notified the plaintiff that it was disclaiming coverage based on the plaintiffs release of the mortgage and on the ground that the plaintiff had created the defect causing the loss. Subsequently, the plaintiff commenced this action against, among others, United, inter alia, to recover damages for breach of the policy.
United moved for summary judgment dismissing the complaint insofar as asserted against it, contending that the plaintiff’s execution of the satisfaction of mortgage without *951 United’s knowledge or consent violated certain conditions of coverage under the policy and acted to terminate coverage. Alternatively, United contended that the plaintiffs loss of the loan proceeds by identity theft was not a “title defect” covered by the policy, and that the plaintiffs carelessness and failure to verify the borrower’s identity actually “created” the loss, and thus, was subject to an exclusion under the policy. The Supreme Court granted the motion, finding both that the plaintiffs filing of the satisfaction of mortgage extinguished its interest in the property, thereby terminating United’s obligation to indemnify, and alternatively, the failure of the plaintiffs closing agent to properly verify the identity of the borrower fell under the exclusion to the policy for defects “created” by the insured. We reverse the order insofar as appealed from.
A “title insurer will be liable for hidden defects and all matters affecting title within the policy coverage and not excluded or specifically excepted from said coverage” (Francis v D & W Saratoga, Inc., 49 AD3d 597, 598 [2008] [internal quotation marks omitted]; see Citibank v Commonwealth Land Tit. Ins. Co., 228 AD2d 635, 637 [1996]). The title insurer’s liability to its insured is essentially based on contract law, and “liability is governed and limited by the agreements, terms, conditions, and provisions contained in the title insurance policy” (Nastasi v County of Suffolk, 106 AD3d 1064, 1066 [2013]; see Property Hackers, LLC v Stewart Tit. Ins. Co., 96 AD3d 818, 819 [2012]).
United failed to establish prima facie entitlement to judgment as a matter of law on the ground that the subject loss was not covered under the terms and conditions of the policy. The plaintiffs inability to enforce its purported security interest against the real property was covered under the express policy provision for any “loss . . . sustained or incurred by the insured by reason of . . . [t]he invalidity or unenforceability of the lien of the insured mortgage upon [the title]” (see Lawyers Tit. Ins. Corp. v JDC [Am.] Corp., 52 F3d 1575, 1581-1583 [11th Cir 1995]; Citicorp Sav. of Ill. v Stewart Tit. Guar. Co., 840 F2d 526, 529-530 [7th Cir 1988]; McHenry Sav. Bank v Pioneer Natl. Tit. Ins. Co., 186 111 App 3d 238, 242-243, 540 NE2d 357, 359-360 [1989]). The policy contained no specific exclusion from coverage in the event the mortgage was invalid or unenforceable due to fraud in its procurement (cf. Francis v D & W Saratoga, Inc., 49 AD3d at 598).
Moreover, United failed to make a prima facie showing that the plaintiffs execution of the satisfaction of mortgage violated certain conditions of coverage. United relied upon the condition providing for the continuation of coverage “only so long as the *952 insured retains an estate or interest in the land,” and the condition prohibiting the insured from “settling any claim . . . without the prior written consent” of United. However, because the plaintiff possessed a mortgage based on forged documents, the mortgage was invalid and unenforceable ab initio (see First Natl. Bank of Nev. v Williams, 74 AD3d 740, 741 [2010]; GMAC Mtge. Corp. v Chan, 56 AD3d 521, 522 [2008]; Cruz v Cruz, 37 AD3d 754 [2007]). Thus, the plaintiffs claimed loss due to the invalidity or unenforceability of the insured mortgage arose prior to the plaintiffs execution of the satisfaction of mortgage, which was of no effect and did not invoke the termination and settlement conditions of the policy.
Finally, United failed to establish prima facie entitlement to judgment as a matter of law on the ground that the plaintiffs loss fell under the policy exclusion for “[d]efects, liens, encumbrances, adverse claims or other matters . . . created, suffered, assumed, or agreed to by [the plaintiff].” A triable issue of fact as to the applicability of this exclusion is raised where there is evidence that the insured party “enabled the forgery to be committed” (Greenpoint Mtge. Funding, Inc. v Stewart Tit. Ins. Co., 49 AD3d 687, 691 [2008]; see Fidelity Natl. Tit. Ins. Co. of N.Y. v Consumer Home Mtge., 272 AD2d 512, 514 [2000]). Here, United submitted evidence of the procedures the plaintiff followed in processing loan applications generally, and evidence of the specific procedures the plaintiff followed in approving the subject mortgage loan to the imposter, Ahmed. This evidence included the deposition testimony of the plaintiffs underwriter, who reviewed the paperwork of the processor who approved the subject loan, and the subject paperwork, which showed check marks next to items on application documents that the processor claimed to have confirmed. These documents included a “Quality Verification and Documentation Questionnaire,” with a section entitled “Identity Theft Prevention” and a “CMD Fraud Prevention Addendum.” The evidence submitted by United demonstrated the existence of a triable issue of fact as to whether the plaintiff enabled or otherwise created the loss at issue (cf. Greenpoint Mtge. Funding, Inc. v Stewart Tit. Ins. Co., 49 AD3d at 691; Fidelity Natl. Tit. Ins. Co. of N.Y. v Consumer Home Mtge., 272 AD2d at 514).
Since United failed to meet its initial burden, the Supreme Court should have denied its motion for summary judgment dismissing the complaint insofar as asserted against it, irrespective of the plaintiffs opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In light of our determination, we need not address the plaintiffs remaining *953 contentions. Angiolillo, J.E, Chambers, Sgroi and Cohen, JJ., concur.