In an action to recover damages for breach of a title insurance policy, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated September 18, 2012, as denied that branch of its motion which was for summary judgment dismissing the complaint.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant’s motion which was for summary judgment dismissing the complaint is granted.
In 2003, the defendant, First American Title Insurance Company of New York (hereinafter First American), issued a policy of title insurance in connection with the plaintiff’s purchase of a nine-acre wooded parcel of land in Water Mill, New York. Among other things, the policy contained an exception referencing a survey reading, which, in turn, contained a notation regarding a trail running across the property. In 2009, after a third party withdrew from an agreement with the plaintiff to purchase the subject property, the plaintiff sent First American a notice of claim, asserting that the trail “encroaches over and upon the premises,” that the property “cannot be subdivided without preserving the trail,” and that the property cannot be conveyed “without removing the trail.” First American denied the claim, inter alia, on the ground that the policy excepts the trail from coverage.
The plaintiff subsequently commenced this action to recover damages for breach of the title insurance policy. Among other things, the complaint alleges that the trail is an insured encumbrance or defect on the property because it prevents the property from being subdivided or conveyed.
*560 After discovery, First American moved, inter alia, for summary judgment dismissing the complaint. The plaintiff opposed the motion, arguing that the subject policy, while mentioning the trail, did not specifically and clearly except the rights of third parties or other persons over and upon the trail. The Supreme Court denied the motion.
“Construction of an unambiguous contract is a matter of law, and the intention of the parties may be gathered from the four corners of the instrument and should be enforced according to its terms” (Beal Sav. Bank v Sommer, 8 NY3d 318, 324 [2007]; see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]; W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]).
“[A] policy of title insurance is a contract by which the title insurer agrees to indemnify its insured for loss occasioned by a defect in title” (L. Smirlock Realty Corp. v Title Guar. Co., 52 NY2d 179, 188 [1981]; see Appleby v Chicago Tit. Ins. Co., 80 AD3d 546, 549 [2011]). “A policy of title insurance insures ‘against loss by reason of defective titles and encumbrances and insur[es] the correctness of searches for all instruments, liens or charges affecting the title to such property’ ” (Citibank v Commonwealth Land Tit. Ins. Co., 228 AD2d 635, 636 [1996], quoting Insurance Law § 1113 [a] [18]). Since the title insurer’s liability to its insured is based, in essence, on contract law, that liability is governed and limited by the agreements, terms, conditions, and provisions contained in the title insurance policy (see Property Hackers, LLC v Stewart Tit. Ins. Co., 96 AD3d 818, 819 [2012]; Citibank v Commonwealth Land Tit. Ins. Co., 228 AD2d at 637). In general, a title insurer “ ‘will be liable for hidden defects and all matters affecting title within the policy coverage and not excluded or specifically excepted from said coverage’ ” (Citibank v Commonwealth Land Tit. Ins. Co., 228 AD2d at 637, quoting 5A Warren’s Weed, New York Real Property, Title Insurance, § 1.03 [6] at 15 [4th ed]).
“An exclusion from coverage ‘must be specific and clear in order to be enforced,’ and an ambiguity in an exclusionary clause must be construed most strongly against the insurer” (Guachichulca v Laszlo N. Tauber & Assoc., LLC, 37 AD3d 760, 761 [2007] [citation omitted], quoting Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311 [1984]; see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co., 60 NY2d 390, 398 [1983]; Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co., 75 AD3d 533, 534 [2010]; Bassuk Bros. v Utica First Ins. Co., 1 AD3d 470, 471 [2003]).
Here, First American established its prima facie entitlement *561 to judgment as a matter of law by submitting, inter alia, the title insurance policy, which specifically excepted the trail from coverage. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the language of the policy is “susceptible of two reasonable interpretations” and, therefore, ambiguous (State of New York v Home Indem. Co., 66 NY2d 669, 671 [1985] ; see MDW Enters. v CNA Ins. Co., 4 AD3d 338, 340-341 [2004]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986] ). Contrary to the plaintiffs contention, while the relevant provisions of the policy could have theoretically been more precise by specifying the rights of third parties which may arise from the trail, such lack of specificity does not render the policy provisions ambiguous (see Greenfield v Philles Records, 98 NY2d 562, 573 [2002]; Henrich v Phazar Antenna Corp., 33 AD3d 864, 867 [2006]; see also Kasowitz, Benson, Torres & Friedman, LLP v Duane Reade, 98 AD3d 403, 406 [2012]; RM Realty Holdings Corp. v Moore, 64 AD3d 434, 438 [2009]). Moreover, “extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face” (W.W.W. Assoc. v Giancontieri, 77 NY2d at 163 [internal quotation marks omitted]).
Accordingly, the Supreme Court should have granted that branch of First American’s motion which was for summary judgment dismissing the complaint. Mastro, J.E, Leventhal, Austin and Sgroi, JJ., concur.