■ STACEY-ANN MEIKLE, Respondent, v FREMONT INVESTMENT AND LOAN CORP., Appellant, et al., Defendants. [3 NYS3d 393]—

In an action, inter alia, to recover damages for violations of Banking Law § 6-*l*, the defendant Fremont Investment and Loan Corp. appeals from an order of the Supreme Court, Kings County (Schack, J.), dated January 7, 2013, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the appellant's motion which were for summary judgment dismissing the causes of action sounding in coercion and negligent misrepresentation insofar as asserted against it, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

In December 2005, the plaintiff, along with a friend who acted as cosigner, entered into a contract of sale to purchase a parcel of real property in Brooklyn for the total sum of $477,000, which included the sum of $27,000 to cover the financing costs. In April 2006, the plaintiff and her friend executed an adjustable rate note with balloon payment rider, in favor of the defendant Fremont Investment and Loan Corp. (hereinafter the appellant), for the principal amount of $381,600, as well as a separate note, in favor of the appellant, in the principal amount of $95,400. As security for the notes, the plaintiff and her friend executed mortgages on the subject property.

The plaintiff commenced this action against the appellant, among others, alleging causes of action to recover damages and for declaratory relief for violations of Banking Law § 6-*l*, which places limits on the conditions a lender may impose on high-cost loans, including the prohibition on balloon payments and the financing of points and fees. The plaintiff also sought to recover damages for coercion and negligent misrepresentation. The appellant moved for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court denied the motion.

The Supreme Court determined that the affidavit submitted by the appellant in support of its motion was deficient since it was not accompanied by a certificate of conformity pursuant to

CPLR 2309 (c) and Real Property Law § 299. This determination was improper. The out-of-state affidavit substantially conformed to the statutory requirements of this State, and should have been considered by the Supreme Court in deciding the motion (*see Midfirst Bank v Agho*, 121 AD3d 343, 351 [2014]). Moreover, the plaintiff did not contest the admissibility of the affidavit in her papers opposing the motion (*see id.* at 351).

Nonetheless, contrary to the appellant's contentions, the Supreme Court properly denied those branches of its motion which were for summary judgment dismissing the causes of action alleging violations of Banking Law § 6-*l* insofar as asserted against it, since the appellant failed to establish its prima entitlement to judgment as a matter of law with respect to those causes of action. The appellant failed to eliminate all triable issues of fact as to whether the loans constituted high-cost home loans within the meaning of Banking Law § 6-*l*, and whether the loans conformed to the statutory requirements and prohibitions set forth in Banking Law § 6-*l*, such as the prohibition on balloon payments and the financing of points and fees (*see* Banking Law § 6-*l*; *Wells Fargo, N.A. v Savinetti*, 116 AD3d 765, 767 [2014]).

However, the Supreme Court should have granted those branches of the appellant's motion which were for summary judgment dismissing the causes of action sounding in coercion and negligent misrepresentation insofar as asserted against it. The appellant met its prima facie burden of establishing its entitlement to judgment as a matter of law with respect to those causes of action by demonstrating that there was no evidence that the real estate and mortgage brokers involved in the subject transactions, who were employed by other defendants, were acting as its agents, or that the appellant knew of any of the alleged misrepresentations or coercive statements made to the plaintiff by those brokers (*see Greenpoint Mtge. Funding, Inc. v Stewart Tit. Ins. Co.*, 49 AD3d 687, 690 [2008]; *see also JP Morgan Chase Bank, N.A. v Hall*, 122 AD3d 576 [2014]; *cf. Smith v Ameriquest Mtge. Co.*, 60 AD3d 1037, 1038 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.