DLJ Mtge. Capital, Inc. v Huzair (2018 NY Slip Op 00726)





DLJ Mtge. Capital, Inc. v Huzair


2018 NY Slip Op 00726


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, CARNI, CURRAN, AND TROUTMAN, JJ.


1331 CA 17-00645

[*1]DLJ MORTGAGE CAPITAL, INC., PLAINTIFF-RESPONDENT,
v
BILAL M. HUZAIR, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 






ISAAC ZIMMERMAN, WATERPORT, FOR DEFENDANT-APPELLANT.
ECKERT SEAMANS CHERIN & MELLOTT, LLC, WHITE PLAINS (DAVID V. MIGNARDI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Orleans County (James P. Punch, A.J.), entered August 23, 2016. The order granted plaintiff's motion for, inter alia, summary judgment striking the answer of defendant-appellant and the appointment of a referee and denied the cross motion of defendant-appellant for, inter alia, summary judgment dismissing the complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion with respect to the 13th affirmative defense of defendant Bilal M. Huzair, reinstating the answer of that defendant to that extent, and vacating the order of reference, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this mortgage foreclosure action against, among others, Bilal M. Huzair (defendant). Plaintiff moved for, inter alia, summary judgment striking defendant's answer and the appointment of a referee, and defendant cross-moved for, inter alia, summary judgment dismissing the complaint against him. Supreme Court granted the motion, issued an order of reference, and denied the cross motion.
Defendant contends that plaintiff failed to meet its burden on the motion with respect to the issue of standing because it failed to establish a chain of assignments of the mortgage and note from the original assignee to plaintiff. We reject that contention. Where, as here, "the note is endorsed in blank, the plaintiff may establish standing by demonstrating that it had physical possession of the original note at the time the action was commenced . . . The plaintiff may do so through an affidavit of an individual swearing to such possession following a review of admissible business records" (Bank of N.Y. Mellon v Anderson, 151 AD3d 1926, 1927 [4th Dept 2017]), and we note that plaintiff herein provided such an affidavit in support of its motion. Contrary to defendant's contention, "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645 [2d Dept 2016]).
We agree, however, with defendant's further contention that the court erred in granting plaintiff's motion insofar as it sought summary judgment dismissing the 13th affirmative defense, which alleged that the loan was in violation of the anti-predatory lending statute (see Banking Law § 6-l), and we therefore modify the order accordingly. In support of that part of its motion, plaintiff contended only that the "note . . . was not a high-cost loan' because the max[imum] interest rate did not exceed more than 8% of the treasury yield at its making." Banking Law § 6-l (1) (d) defines a
" [h]igh-cost home loan' " as one that exceeds the thresholds in subdivision (g) of the statute, which in turn defines those thresholds as either a loan with a rate that is eight points higher than [*2]the yield on treasury securities in the month before the loan application (see § 6-l [1] [g] [i]), or a loan of $50,000 or more in which the points and fees exceed five percent of the total loan amount (see § 6-l [1] [g] [ii]). Inasmuch as the loan in question exceeded $50,000 and plaintiff failed to address the second threshold, "plaintiff . . . failed to establish [its] prima facie entitlement to judgment as a matter of law dismissing the [13th] affirmative defense" (Diliberto v Barberich, 94 AD3d 803, 804 [2d Dept 2012]). Thus, that part of the motion should have been denied "regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). We note that, in reviewing whether plaintiff met its burden with respect to the 13th affirmative defense, we have not considered any evidence submitted with its reply papers on the motion (see Miller v Spall Dev. Corp., 45 AD3d 1297, 1298 [4th Dept 2007]; Wonderling v CSX Transp., Inc., 34 AD3d 1244, 1245 [4th Dept 2006]).
Defendant further contends that the court erred in denying his cross motion inasmuch as he met his burden of establishing his entitlement to judgment as a matter of law on the 13th affirmative defense. We reject that contention. The court, apparently after assuming, arguendo, that defendant met his burden on that part of the cross motion, concluded that plaintiff established that the loan had been modified twice and that those modifications removed the loan from the protection of Banking Law § 6-l. That was error. Where a loan is a high-cost home loan within the meaning of the statute, it may be modified under certain circumstances to bring it into compliance with the law, i.e., where the lender establishes that it failed to comply with the statute because of a good-faith error and, "within sixty days after the discovery of the compliance failure and prior to the institution of any action under this section or the receipt of written notice of the compliance failure, the borrower is notified of the compliance failure, appropriate restitution is made, and whatever adjustments are necessary are made to the loan to either, at the choice of the borrower, (i) make the high-cost home loan satisfy the requirements of this section, or (ii) change the terms of the loan in a manner beneficial to the borrower so that the loan is no longer a high-cost home loan subject to the provisions of this section" (§ 6-l [4] [b]). In support of its position that the loan modifications brought the original loan into compliance with the statute, plaintiff failed to establish that such circumstances apply to this case. Indeed, we note that plaintiff submitted no evidence indicating that it notified defendant of a compliance failure, and in fact, plaintiff rolled the allegedly improper fees and costs into the modified loans with additional interest. Consequently, the court erred in concluding that the two modifications removed the original loan from the protection afforded by the statute.
Nevertheless, we conclude that defendant "failed to eliminate all triable issues of fact as to whether the loans constituted high-cost home loans within the meaning of Banking Law § 6-l, and whether the loans conformed to the statutory requirements and prohibitions set forth in Banking Law § 6-l, such as the prohibition [against] financing of points and fees" (Meikle v Fremont Inv. & Loan Corp., 125 AD3d 616, 618 [2d Dept 2015]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), and the court therefore properly denied the cross motion.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court